**Michael PASTERCHICK, Plaintiff,**

**v.**

**Moise BERGER, Maricopa County Attorney, Phoenix, Arizona, Defendant.**

**Civ. No. 69–312.**

United States District Court
M. D. Pennsylvania.

Sept. 16, 1969.

Michael Pasterchick, pro se.

S. Parker Jones, Deputy County Atty. of Maricopa County, Phoenix, Ariz., for defendant.

## MEMORANDUM

FOLLMER, District Judge.

Michael Pasterchick, an inmate at the United States Penitentiary, Lewisburg, Pennsylvania, submitted to this court a request to file a civil action in forma pauperis. By Order of this court dated August 12, 1969, leave was granted to commence this action in forma pauperis.

Plaintiff seeks by way of motion a permanent injunction against the above-named defendant.[1] The jurisdiction of

---

1. Robert K. Corbin was named by plaintiff as defendant in this action. However, Robert K. Corbin is no longer the County Attorney of Maricopa County, Phoenix, Arizona. Pursuant to Rule 25 (d) of the Federal Rules of Civil Procedure Moise Berger has been substituted as party defendant in this action.

1262

this court is invoked under 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

Since defendant in his answer to plaintiff's complaint does not deny the factual averments made therein, they will be treated as true by this court. It appears that a criminal complaint was filed in Phoenix, Arizona, against plaintiff accusing him of car theft on March 22, 1966. Subsequently, a detainer was filed by the Arizona authorities with the United States Marshal in Portland, Oregon, on June 6, 1966. This detainer is in force to date. By letter dated June 8, 1967 plaintiff was informed by deputy county attorney of Maricopa County that it was the intention of the county attorney to prosecute plaintiff after the termination of his federal incarceration. Plaintiff by various "writs" submitted to various courts including the Supreme Court of Arizona, has attempted to force the Arizona authorities to bring him to trial, but to date his efforts have been to no avail. Defendant in his answer indicates that consistent with Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969) an effort is presently being made to secure plaintiff for trial.

Plaintiff seeks a permanent injunction prohibiting defendant from enforcing the detainer lodged against him on the basis that he has been denied his constitutional right to a speedy trial. Defendant has moved to deny the motion of plaintiff for an injunction.

In Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967), the United States Supreme Court held that the Sixth Amendment right to a speedy trial was enforceable against the States as a "basic rights preserved by our Constitution." Id., at 226, 87 S.Ct. at 995. Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969), held that this guarantee required that a State had a constitutional duty to bring to trial an accused regardless of the fact that he was incarcerated in another jurisdiction. In *Smith*, the Court remanded the case to the Supreme Court of Texas for "further proceedings not inconsistent" with the opinion. Id., at 383, 89 S.Ct. 575. It is the opinion of this court that the purpose of this type of disposition by the Supreme Court was to give Texas the opportunity to determine whether the delay in prosecuting the case caused petitioner prejudicial harm. Mr. Justice White in a concurring opinion stated that his understanding of the remand was that it left open the ultimate question of whether Texas must dismiss the criminal proceedings against the petitioner. Id., at 384, 89 S.Ct. 575.

Therefore we believe that the issue of prejudice to the defendant flowing from the delay must be determined by the courts of Arizona. Since proceedings have begun there plaintiff will have an opportunity to raise this question for determination.

Accordingly, plaintiff's motion for a permanent injunction restraining the defendant from enforcing the detainer lodged against plaintiff is denied.