**UNITED STATES of America ex rel.
Frank GRANO, Jr., Petitioner,**

v.

**Raymond W. ANDERSON, Warden,
Respondent.**

**No. 120.**

United States District Court,
D. Delaware.

Sept. 10, 1970.

Reargument Denied Oct. 7, 1970.

Stephen B. Potter, of Sullivan, Potter
& Roeberg, Wilmington, Del., for peti-
tioner.

Francis A. Reardon, Prosecutor for
the State of Delaware, Wilmington, Del.,
for respondent.

## OPINION

LAYTON, District Judge.

In late March 1968, Petitioner (Grano)
was arrested in Delaware on a charge of
burglary. He was tried, convicted and
sentenced in April 1968. On May 19,
1969, pursuant to an extradition proceed-
ing filed by the State of Louisiana, the
Governor of Delaware issued a warrant
against Grano, and on June 12, 1969,
the day of Grano's release, he appeared
in the Delaware Superior Court to con-
test the legality of the Louisiana extra-
dition proceeding. He has fought this
proceeding unsuccessfully through the
Delaware Supreme Court and has now
filed a petition for habeas corpus in
this Court, alleging that he is held in
contravention of certain rights granted
by the federal constitution.

The Delaware Superior Court, in a
lengthy and scholarly opinion by Judge
Quillen, decided that (1) the extradition
papers filed by the State of Louisiana
failed to show probable cause and (2)
that he was properly incarcerated with-
out bail pending final determination of
the proceeding.

Subsequently, Judge Quillen, over
Grano's objection, permitted the Louisi-
ana authorities to file supplemental af-
fidavits on the issue of probable cause
which in his opinion established probable
cause.

The grounds upon which Grano's ap-
peal to the Delaware Supreme Court were
based were that the Delaware Superior
Court erred in (1) permitting the rec-
ord to be supplemented by additional
affidavits from Louisiana on the issue
of probable cause and (2) that he should

have been released on bail pending the disposition of the habeas corpus proceeding. The Delaware Supreme Court affirmed per curiam. A full and complete history of this proceeding in the Delaware Superior Court appears in Grano v. State, 257 A.2d 768 (Del.Super. 1969).

In his petition for habeas corpus in this Court, Grano assigns a number of grounds. They are:

(1) That the State of Louisiana has deprived him of his Sixth Amendment right to a speedy trial;

(2) That the papers in support of the Louisiana demand for extradition fail to show probable cause necessary to "charge" him within the meaning of Art. 4, Sec. II, Cl. 2 of the Constitution;

(3) That in his Superior Court hearing he was denied equal protection of the laws in that an expert fingerprint witness was necessary to demonstrate that he was not in Louisiana at the time he committed the alleged burglary in 1967. Since he could not afford an expert witness at his extradition habeas corpus hearing, he contends that Delaware (or Louisiana) was required by the Fourteenth Amendment to furnish him one.

■ None of these grounds was urged in Grano's appeal from Judge Quillen's opinion and,[1] under normal circumstances, this application would be summarily rejected because of petitioner's failure first to exhaust state remedies. However, Delaware Superior Court Rule 35 Del.C.Ann., on its face does not afford an aggrieved party the right of review

from an order of extradition. It speaks only of the "correction of illegal sentences." Moreover, T. 10 Del.C., Sec. 6902, expressly exempts extradition proceeding from the right of review by way of habeas corpus. While the Delaware Courts have apparently never passed upon the question whether Rule 35 encompasses extradition proceedings, nevertheless, in the face of its language I cannot conclude that this Petitioner has failed to exhaust state remedies. See Ex Parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572 (1943); Tickle v. Summers, 270 F.2d 848 (C.A. 4th 1959); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1962).

I proceed now to a consideration of the grounds relied on by Grano in his petition for the granting of the writ.

■ First, he says he is entitled in this proceeding to assert the defense of denial by Louisiana of his Sixth Amendment right to speedy trial. To the contrary, this defense should be asserted, not in Delaware in a habeas corpus proceeding, but in Louisiana at his trial for burglary. It is in Louisiana that the records and facts pertaining to this defense are to be found and it is in the Courts of that State that the point should be heard and determined. Pasterchick v. Berger, Maricopa County Attorney, 304 F.Supp. 1261 (D.C.M.D.Pa.1969); see also Johnson v. Matthews, 86 U.S. App.D.C. 376, 182 F.2d 677 (1950); United States ex rel. Tucker v. Donovan, 321 F.2d 114 (C.A.2d 1963); Word v. North Carolina, 406 F.2d 352 (C.A. 4th 1969); Woods v. Cronvitch, 396 F.2d 142 (C.A. 5th 1968).[2]

---

1. Grano's present counsel did not represent him at that point.

2. In Pasterchick v. Berger, supra, the court interpreted Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607, as intending the courts of the demanding state to adjudicate the merits of the speedy trial issue. In Word v. State of North Carolina, supra, 406 F.2d at page 355, the court addressing itself to post conviction proceedings by Virginia prisoners attacking North Carolina convictions on constitu-

tional grounds in the United States District Court for the Eastern District of Virginia, said:

"Williams sought relief in the United States District Court for the Eastern District of North Carolina, while Word and Matthews brought their actions in the Eastern District of Virginia. The former we think proper; the latter, where permissible, infrequently preferable.

"The custody of the Virginia warden under the authority of the detainer is

Petitioner's second point challenges the sufficiency of the papers in support of the Louisiana extradition demand upon various grounds, one of which being that the supporting affidavit does not show probable cause.

Both T. 18 U.S.C., Sec. 3182, and 11 Del.C. § 2503 provide inter alia for the extradition of fugitives by copy of an affidavit made before a magistrate.

In the instant case, the demand by Louisiana was accompanied by a joint affidavit of two police officers, sworn before a Louisiana magistrate, charging: (1) That Grano on August 5, 1967, committed burglary of a premises known as 3321 Tulane Avenue in the City of New Orleans; (2) That Grano was identified as the culprit by means of a latent fingerprint lifted by one of the officers from a metal box located inside the safe which had been broken into at the scene of the burglary; (3) That this print was positively identified by another of the affiants as that of Grano by means of a known set of Grano's fingerprints in the police department of Reno, Nevada.

Judge Quillen in the Delaware Superior Court seems to have agreed with Grano's contention that this affidavit did not set out facts constituting probable cause and required supplemental affidavits in support of this point.

 I accept, for the purposes of this argument, as did Judge Quillen, the law to be that affidavits forming the basis for the demand must show probable cause. Kirkland v. Preston, 128 U.S. App.D.C. 148, 385 F.2d 670 (1967). But with deference I disagree with the learned judge that the original joint affidavit of officers Manieri and O'Neil did not show probable cause. While the first paragraph is conclusory in terms, nevertheless, the body of the affidavit, though laconic, clearly sets forth facts,

in my view, sufficient to comply with the requirements of probable cause. The test is not whether the charging facts demonstrate clear guilt but whether the circumstances related demonstrate a "probability" though not "a prima facie showing of criminal activity." Bowers v. Coiner, 309 F.Supp. 1064, 1068 (D.C. S.D.W.Va.1970). And in United States v. Ventresca, 380 U.S. 102, 108–109, 85 S.Ct. 741, 745–746, 13 L.Ed.2d 684 (1965) the Supreme Court said:

> "This is not to say that probable cause can be made out by affidavits which are purely conclusory, stating only the affiant's or an informer's belief that probable cause exists without detailing any of the 'underlying circumstances' upon which that belief is based. See Aquilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723. Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for police. *However, where these circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the Courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a common sense, manner."* (Emphasis supplied.)

See also United States v. Berry, 423 F.2d 142, 144 (1970) where the Tenth Circuit said:

> "Probable cause is something more than mere suspicion and something less than evidence which would sustain a conviction. Probable cause is concerned with probabilities 'the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.' Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 93 L.Ed. 1879."

North Carolina's. He holds the prisoner for North Carolina, not for Virginia. It is a North Carolina judgment that is under attack, and North Carolina's Attorney General, not Virginia's must defend it. The records and witnesses, with the exception of the prisoner, are in North Carolina. Virginia is unconcerned with the outcome, while North Carolina has much at stake."

Measured against constitutional standards, I conclude that the joint affidavit of Manieri and O'Neil taken before a Lousiana magistrate shows probable cause. This conclusion obviates the necessity of deciding Grano's further objection that the supplemental affidavits required by Judge Quillen were executed before a notary rather than a magistrate and were unauthenticated by the Governor of Louisiana.

Finally, Petitioner argues that he was denied equal protection of the laws in that an expert witness was necessary to establish that he was not a fugitive from justice within the meaning of Art. IV, Sec. 2, Cl. 2. See Roberts v. Reilly, 116 U.S. 80, 6 S.Ct. 291, 29 L.Ed. 544 (1885). Since he could not afford an expert witness at his extradition habeas corpus hearing, he contends that the State was bound under the Fourteenth Amendment to furnish him one.

The burden is on the Petitioner in the State extradition habeas corpus proceeding to show beyond a reasonable doubt that he was not in the demanding state at the time of the commission of the alleged offense. South Carolina v. Bailey, 289 U.S. 412, 53 S.Ct. 667, 77 L.Ed. 1292 (1933). In habeas corpus proceedings where the legality of the detention for extradition is in question, the fact alone that a rendition warrant has been issued by the Governor of the asylum state makes a prima facie case of fugitivity which can be overthrown by the Petitioner only by clear and conclusive proof. A mere conflict in evidence is not sufficient to warrant a discharge from custody. Lee Won Sing v. Cottone, 74 App.D.C. 374, 123 F.2d 169 (1941).

Petitioner argues a fingerprint expert would have been able to establish that the fingerprint was not lifted from a metal box. Even if such a witness had been available to Petitioner, the most he could have said was that in his expert opinion this fingerprint is not the fingerprint of Frank Grano, Jr., and it was not lifted from a metal box. But this is not clear and conclusive proof that Petitioner was not in the demanding state at the time the crime was committed. It would merely create a conflict in the evidence, Lee Won Sing v. Cottone, supra. The joint affidavit of Manieri and O'Neil reveals that Louisiana, if necessary, could produce witnesses to testify to the opposite conclusion.

"But the court will not discharge a defendant arrested under the governor's warrant where there is merely contradicting evidence on the subject of presence in or absence from the state, as habeas corpus is not the proper proceeding to try the *question of alibi, or any question as to the guilt or innocence of the accused.*" (Emphasis supplied.) Munsey v. Clough, 196 U.S. 364, 375, 25 S.Ct. 282, 285, 49 L.Ed. 515 (1905). See also Biddinger v. Police Comr., 245 U.S. 128, 38 S.Ct. 41, 62 L.Ed. 193 (1917).

It follows, then, that if an expert fingerprint witness had been made available to testify favorably in Grano's behalf, such testimony would have raised, at the most, a conflict which, according to the authorities, could not have resulted in the discharge of the extradition petition. Consequently, it need not be decided whether Petitioner was entitled to the witness demanded.

Other grounds assigned by Grano in support of his petition have been considered and found to be without merit.

The writ is denied.

## SUPPLEMENTARY OPINION

On September 10, 1970, this Court denied a petition for habeas corpus upon the ground that, despite the contrary view of the Superior Court of Delaware, an affidavit executed before a Louisiana magistrate in connection with an extradition demand by the Governor of that state did disclose sufficient information to establish probable cause under the Fourth Amendment. This is a petition for reargument under Rule 16 of the local rules of this Court.

18 U.S.C. § 3182 and 11 Del.C. § 2503 require inter alia that a demand for the

extradition of a person charged with crime in another state may be accompanied by an affidavit which must be executed before a magistrate of the demanding state, charging the person demanded with having committed a crime. This affidavit must show probable cause. Kirkland v. Preston, 128 U.S.App.D.C. 148, 385 F.2d 676 (1967); Grano v. State, 257 A.2d 768 (Del.Super.1969).

In this case, the state court struck down the accompanying affidavit for failure to establish probable cause but, over Petitioner's objection, permitted supplementary affidavits to be filed. The court then held that the averments of the supplementary affidavits established probable cause. As a result, the demand of the State of Louisiana for Petitioner's extradition was upheld. The Supreme Court of Delaware affirmed.

In his petition for habeas corpus in this Court, Petitioner attacks the decision of the state court upon the ground that the supplementary affidavits were not executed before a magistrate. This point was not raised in the state courts.

Petitioner was, of course, happy to accept the state court's favorable finding that the original affidavit failed to show probable cause but contends strenuously that the only matter which can be considered by this Court is the legality of the supplemental affidavits—in other words, that this Court either does not have the power to reexamine and review the state court's conclusions as to probable cause or, if it does have the power, should abstain from exercising it where neither party has raised the issue.

■ It is well settled that as to constitutional issues a state court decision is not res judicata as to a federal court. Fay v. Noia, 372 U.S. 391, 422, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Brown v.

Allen, 344 U.S. 443, 459, 73 S.Ct. 397, 97 L.Ed. 469 (1953).

■ It is equally well settled that the basic purpose of the extradition clause, United States Constitution, Art. IV, § 2, cl. 2, contemplates the speedy rendition of fugitives by the asylum state. Sweeney v. Woodall, 344 U.S. 86, 73 S. Ct. 139, 97 L.Ed. 114 (1952); Biddinger v. Commissioner of Police, 245 U.S. 128, 38 S.Ct. 41, 62 L.Ed. 193 (1917); Lascelles v. Georgia, 148 U.S. 537, 13 S.Ct. 687, 37 L.Ed. 549 (1893). It is for this reason that Art. IV, § 2, cl. 2, has been construed liberally. Biddinger v. Commissioner of Police, supra; Appleyard v. Massachusetts, 203 U.S. 222, 27 S.Ct. 122, 51 L.Ed. 161 (1906).

■ The issue before this Court was the validity of Petitioner's detention under 18 U.S.C. § 3182, a federal question. Since the federal law controls this area, Innes v. Tobin, 240 U.S. 127, 36 S.Ct. 290, 60 L.Ed. 562 (1916); Lascelles v. Georgia, supra; Kentucky v. Dennison, 65 U.S. 66, 24 How. 66, 16 L.Ed. 717 (1860);[1] Prigg v. Pennsylvania, 41 U.S. 539, 16 Pet. 539, 10 L.Ed. 1060 (1842);[2] Smith v. Idaho, 373 F.2d 149 (9th Cir. 1967); United States ex rel. McCline v. Meyering, 75 F.2d 716 (7th Cir. 1934), this Court has a duty to see that the purpose of the extradition clause is not frustrated by asylum states requiring more of demanding states than required by § 3182.

Title 4, U.S.C. § 112, provides that states may enter into compacts among themselves for the return of those charged with crime and, thus, it has been noted that 18 U.S.C. § 3182 places no absolute limitation on the methods by which the states may provide for extradition. New York v. O'Neil, 359 U.S. 1, 79 S.Ct. 564, 3 L.Ed.2d 585 (1959); United States ex rel. Simmons for and

---

1. Mr. Chief Justice Taney in Kentucky v. Dennison gives an excellent historical background of Art. IV, § 2, cl. 2, besides clearly establishing that the implementing federal legislation controls the subject of interstate rendition. This case is usually considered in regard to its mandamus holding.

2. There is dicta in Prigg v. Pennsylvania to the effect that power to legislate under Art. IV, § 2, cl. 2, was exclusively in the Congress. In light of New York v. O'Neil, supra, Innes v. Tobin, supra, and 4 U.S.C. § 112, this is doubtful today.

on behalf of Gray v. Lohman, 228 F.2d 824 (7th Cir. 1955). However, because the federal law controls, an asylum state cannot require more of a demanding state for the return of a fugitive from justice than required by 18 U.S.C. § 3182.

It having been once established that affidavits taken before a magistrate pursuant to § 3182 must show probable cause, Kirkland v. Preston, supra; Grano v. State, supra; then it follows that the probable cause standard can be no higher than that demanded by the Fourth Amendment. Indeed, for states to apply a higher standard would merely be a circumvention of the federal statute and a frustration of the extradition clause through the vehicle of probable cause. Similarly, when a state court decides that a supporting affidavit fails to contain averments disclosing probable cause, when in fact it makes such a showing, the result is the same.

It is for this reason that this Court felt it necessary to inquire beyond the specific contentions of the parties. See McKinney v. Boles, 254 F.Supp. 433 (U.S.D.C.N.D.W.Va.1966). Having found that the affidavit in question measured up to the probable cause standard of the Fourth Amendment, it became unnecessary to proceed further.

Reargument denied.