### ROBERT R. BRODE *v.* JOHN POWER ET AL.

SUPERIOR COURT    NEW HAVEN COUNTY    FILE NO. 139328

Memorandum filed July 25, 1974

*Alphonse S. DiBenedetto,* of New Haven, for the plaintiff.

No appearance for the defendants.

TESTO, J. This is a matter wherein the plaintiff, praying for a writ of habeas corpus, alleges that the governor of this state did not comply with the provisions of § 54-159 of the General Statutes in that the supporting papers of the state of Florida do not substantially charge the plaintiff with the crimes of automobile theft and grand larceny as required by § 54-159.

The question presented to this court is whether the information and the affidavit as submitted in the rendition proceeding constitutionally comport with the requirement that such information and affidavit "substantially charge" the person demanded with having committed certain crimes under the law of the state of Florida. Both the plaintiff and the defendant agree that the information and the affidavit must set forth facts which constitute probable cause to believe that the plaintiff committed the offenses as charged.

The question whether one is substantially charged is one of law. *United States ex rel. Vitiello* v. *Flood,* 374 F.2d 554, 556. The court has reviewed the affidavit as submitted to the governor of this state and is not satisfied that probable cause exists on the face of these papers. It is also noteworthy that the affiant says that she "believes" the plaintiff to be the perpetrator of the crimes set out in the extradition papers. This does not constitute probable cause, and it does not set out a fact warranting a finding of probable cause. Thus, probable cause is not spelled out in the affidavit.

The court is persuaded by the arguments of the plaintiff, citing *Kirkland* v. *Preston,* 385 F.2d 670, that the affidavit must set out facts which justify a fourth amendment finding of probable cause. This affidavit fails to do this.

The court, therefore, finds that the documents presented to the governor of this state and subsequently to this court by the petition for this writ do not provide a sufficient basis for a finding of probable cause to believe that offenses have been committed in the state of Florida. *United States ex rel. Grano* v. *Anderson,* 446 F.2d 272. Having found that the documents from the demanding state do not comply with General Statutes § 54-159, this court is of the opinion that the plaintiff is not a fugitive from justice. The court so finds.

Accordingly, the petition is granted, and the defendant Bruce Goldson, warden of the community correctional center in New Haven, or his successor, is hereby ordered to release the plaintiff forthwith.