ALFRED PUOPOLO, petitioner. May 13, 1977. On January 26, 1977, in proceedings in a District Court on a fugitive from justice warrant, the petitioner was found guilty of some crime not charged and was sentenced to three months in a house of correction. He appealed and was released on bail. He was then taken into custody on a warrant of the Governor of the Commonwealth for extradition to the State of Texas to face an indictment by a grand jury for arson, and on February 2, 1977,

he filed a petition for a writ of habeas corpus. On February 24, 1977, a judge of the Superior Court dismissed the District Court case without objection, denied the petition for a writ of habeas corpus, and ordered that the petitioner be released on cash bail pending appeal from the denial of the writ of habeas corpus. We transferred his appeal to this court on our own motion. The case was argued before us on May 6, 1977, and on May 9, 1977, we issued an order revoking the petitioner's bail and directing that he be remanded to custody under the warrant of the Governor for rendition to the State of Texas. We now affirm the judgment denying the writ. Contrary to the petitioner's sole contention on appeal, there is no need for a further probable cause hearing. In *Ierardi* v. *Gunter*, 528 F.2d 929, 931 (1st Cir. 1976), the court said that "Massachusetts may credit an arrest warrant shown to have issued upon a finding of probable cause in Florida just as it would credit a Florida indictment." Here we credit the Texas indictment accompanying the demand for rendition. See Tex. Code Crim. Proc. Ann. arts. 20.19-20.22 (Vernon 1966). No question as to bail is before us. Cf. *Selmon, petitioner*, 365 Mass. 632 (1974).

*Judgment affirmed.*

*Jeremiah J. Sullivan* for the petitioner.
*Michael J. Barry*, Assistant Attorney General, for the Commonwealth.