ROBERT A. CONSALVI, petitioner
(and a companion case).

Suffolk. September 14, 1978. — November 24, 1978.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & LIACOS, JJ.

*Extradition and Rendition. Habeas Corpus. Constitutional Law*, Extradition.

The Fourth Amendment right to a judicial probable cause determination precedent to postarrest detention is applicable to rendition arrests. [700-701]

Although a judicial finding of probable cause must precede interstate rendition, the Commonwealth, as the asylum State, need not make an independent judgment that probable cause exists; however, where a petitioner can show that a demanding State's arrest warrant or indictment procedure does not guarantee a judicial finding of probable cause, the demanding State is required to provide sufficient documentation or other evidence to demonstrate that a constitutionally valid determination of probable cause had been made in the demanding State. [702]

Where the issuance in a demanding State of an arrest warrant, although stated to be on a finding of probable cause, did not require a constitutionally adequate demonstration of probable cause, and the documents accompanying the demanding State's extradition demands did not support a finding of probable cause, there was no basis for interstate rendition. [703-705]

PETITIONS filed in the Superior Court on January 5, 1977.

The cases were heard by *Keating*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Brian J. McMenimen* for the petitioners.

*Michael J. Barry*, Assistant Attorney General, for the Commonwealth.

HENNESSEY, C.J. On January 5, 1977, the petitioners, Robert A. Consalvi and Edward C. Kelley, were arrested in the Commonwealth pursuant to formal demands by the Governor of Kansas for their rendition. See G. L. c. 276, §§ 11-20R. Accompanying these demands were papers including a complaint, subscribed by two Kansas law enforcement officers and sworn to before a Kansas magistrate, and an arrest warrant issued by the same magistrate, which recited his finding of probable cause to believe that the petitioners committed the offenses charged. Each petitioner filed for habeas corpus in accordance with G. L. c. 276, § 19. A judge of the Superior Court denied the relief sought. After review by the Appeals Court, *Consalvi, petitioner,* 5 Mass. App. Ct. 729 (1977), we granted an application for further appellate review.[1]

The petitioners do not maintain that the papers submitted by the Governor of Kansas have been improperly authenticated or that they fail to comply on their face with the requirements of G. L. c. 276, § 14. *Murphy, petitioner,* 321 Mass. 206, 211-214 (1947). Nor is it argued that the petitioners are not the persons sought by Kansas. See *Maldonado, petitioner,* 364 Mass. 359, 362 (1973). Rather, the petitioners' single contention on appeal is that the Fourth Amendment mandates an independent judicial finding of probable cause in advance of rendition—a determination they insist is absent in their cases.

Because we agree with the petitioners that rendition must be preceded by a judicial determination of probable cause, and for the reasons discussed below, we conclude that the petitioners should be discharged from custody.

The threshold question we face is whether the Fourth Amendment right to a judicial probable cause determina-

[1] The petitioners have been released on personal recognizance pending final disposition. For purposes of these cases we regard the petitioners as in the "custody" of the Massachusetts authorities. 8 Am. Jur. 2d Bail & Recognizance § 4 (1963). See *Bitter* v. *United States,* 389 U.S. 15, 16 (1967); *Commesso* v. *Commonwealth,* 369 Mass. 368, 376 (1975).

tion precedent to postarrest detention, *Gerstein* v. *Pugh*, 420 U.S. 103 (1975), is applicable to rendition arrests. We hold that it is. "[T]he Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest." *Gerstein* v. *Pugh, supra* at 114. It seems manifestly clear that the restraint of liberty incident to interstate rendition is no less substantial than the detention occasioned by the execution of a prosecutor's information, the procedure assailed in *Gerstein*. "At best, [rendition] means an extended period of detention, involving custody pending administrative arrangements in two states as well as forced travel in between. At worst it means separation from a familiar jurisdiction and effective denial of the support of family, friends and familiar advisors." *Ierardi* v. *Gunter*, 528 F.2d 929, 930 (1st Cir. 1976). See *Kirkland* v. *Preston*, 385 F.2d 670, 676 (D.C. Cir. 1967). Accordingly, we think the procedural protection of a prior judicial finding of probable cause is constitutionally required in order to prevent wrongful rendition.[2]

---

[2] Accord, *Ierardi* v. *Gunter*, 528 F.2d 929 (1st Cir. 1976); *United States ex rel. Grano* v. *Anderson*, 318 F. Supp. 263 (D. Del. 1970), aff'd 446 F.2d 272 (3d Cir. 1971); *Kirkland* v. *Preston*, 385 F.2d 670 (D.C. Cir. 1967) (Wright, J.); *Wellington* v. *South Dakota*, 413 F. Supp. 151 (D.S.D. 1976); *Montague* v. *Smedley*, 557 P.2d 774 (Alas. 1976); *Pippin* v. *Leach*, 188 Colo. 385 (1975); *Brode* v. *Power*, 332 A.2d 376 (Conn. Super. Ct. 1974); *Batton* v. *Griffin*, 240 Ga. 450 (1978); *Struve* v. *Wilcox*, 99 Idaho 205 (1978); *Wilbanks* v. *State*, 224 Kan. 66 (1978); *In re Doran*, 401 Mich. 235 (1977); *Sheriff* v. *Thompson*, 85 Nev. 211 (1969); *Smith* v. *Helgemoe*, 117 N.H. 91 (1977); *People ex rel. Cooper* v. *Lombard*, 45 App. Div. 2d 928 (N.Y. 1974); *Commonwealth ex. rel. Marshall* v. *Gedney*, 478 Pa. 299 (1978); *Locke* v. *Burns*,    W. Va.    (1977) (238 S.E.2d 536 [1977]); *State* v. *Towne*, 46 Wis. 2d 169, 171 (1970); Note, Interstate Rendition and Probable Cause, 11 Suffolk U.L. Rev. 482, 487 (1977); Note, Interstate Rendition and the Fourth Amendment, 24 Rutgers L. Rev. 551, 574-585 (1970). Contra, *Garrison* v. *Smith*, 413 F. Supp. 747 (N.D. Miss. 1976); *Application of Stewart*,    Ariz. App.    (1977) (573 P.2d 504 [1977]); *In re Golden*, 65 Cal. App. 3d 789, appeal dismissed and cert. denied, 434 U.S. 805 (1977); *Wellington* v. *State*,    S.D.    (1976) (238 N.W.2d 499 [1976]); *Vetsch* v. *Sheriff of Spokane County*, 14 Wash. App. 971 (1976).

In holding that a judicial finding of probable cause must precede interstate rendition, however, we do not believe that the Commonwealth, as the asylum State, must always make an independent judgment that probable cause exists. The Fourth Amendment does not stretch that far.[3] If the documents submitted by the demanding State demonstrate that "a judicial officer or tribunal there had found probable cause, Massachusetts would not need to find probable cause anew, nor would it need to review the adequacy of the [demanding State's] determination." *Ierardi* v. *Gunter, supra* at 931.[4] Thus, where an indictment or an arrest warrant accompanies a demand for interstate rendition we will presume that the demanding State has conducted an independent judicial determination of probable cause in accordance with constitutional principles, see *Puopolo, petitioner,* 372 Mass. 868 (1977), and will carry our inquiry no further. However, where a petitioner can show that a demanding State's arrest warrant or indictment procedure does not guarantee the requisite judicial finding of probable cause, see *Moore, petitioner,* 2 Mass. App. Ct. 399 (1974), we will require the demanding State to provide sufficient documentation or other evidence to demonstrate that a constitutionally valid determination of probable cause had been made in the demanding State. If such information is not forthcoming within a reasonable period of time, rendition should be denied.[5]

---

[3] But see *Kirkland* v. *Preston, supra* at 674; *United States ex rel. Grano* v. *Anderson, supra* at 266; *Montague* v. *Smedley, supra* at 778; *Pippin* v. *Leach, supra* at 389-391; *Struve* v. *Wilcox, supra* at 213; *Wilbanks* v. *State, supra* at 80-81.

[4] By contrast, the court in *Ierardi, supra,* rejected a Florida rendition demand predicated on a prosecutor's information and unsupported by any further evidence of probable cause.

[5] We do not believe that this procedure will create any real inconvenience to demanding States or cause rendition proceedings to be any less efficient. "Under present arrangements, papers must in any event be prepared in the demanding state, including (in the absence of an indictment) an affidavit and some form of judicial process, and under

In light of these principles, we consider the petitioners' claim. We note at the outset that the papers accompanying the rendition demands include an arrest warrant, signed by a Kansas magistrate, which recites a finding of probable cause. A document of this kind presumptively establishes the existence of a probable cause finding and provides a sufficient basis for interstate rendition.[6] Indeed, a rendition court's Fourth Amendment inquiry ordinarily will be satisfied by the presence of an arrest warrant from the demanding State. Only where the petitioner can demonstrate that the demanding State's arrest procedure is constitutionally suspect do we require the rendition court to look beyond the warrant. Here, however, we are obliged to conclude that further inquiry is justified because the issuance in Kansas of an arrest warrant, though stated to be on a finding of probable cause, does not require a demonstration that would satisfy the Fourth Amendment.

The Kansas Code of Criminal Procedure, Kan. Stat. Ann. § 22-2302 (Weeks 1974), provides: "If the magistrate finds from the complaint, or from an affidavit or affidavits filed with the complaint or from other evidence, that there is probable cause to believe both that a crime has been committed and that the defendant has committed it, a warrant for the arrest of the defendant shall issue." It is instructive to observe, however, that, according to the governing case law in existence at the time the instant warrant was issued, a properly verified complaint was

---

*Gerstein* probable cause must in any event be judicially determined before any extended pretrial detention in either the asylum or the demanding state. In this context to require the judicial determination of probable cause to precede rendition is to impose little additional burden on the states" (footnote omitted). *Ierardi* v. *Gunter, supra* at 931.

[6] Some courts treat an arrest warrant as conclusively establishing a prior determination of probable cause. See, e.g., *Gerstein* v. *Pugh,* 420 U.S. 103, 116 n.18 (1975); *Commonwealth ex rel. Marshall* v. *Gedney,* 478 Pa. 299, 312 (1978).

considered sufficient authority from which a finding of probable cause could be made and under which a warrant could be issued. See *State* v. *Giddings*, 216 Kan. 14, 17 (1975); *State* v. *Woods*, 214 Kan. 739, 741 (1974); *State* v. *Addington*, 205 Kan. 640, 644 (1970). Indeed, "[n]ormally, the warrant [was] issued solely on the basis of a complaint filed with the magistrate." Meyer, Arrest under the New Kansas Criminal Code, 20 U. Kan. L. Rev. 685, 693 (1972). Importantly, the complaint need do no more than set out a crime in the words of the statute, without furnishing a basis for determining that the allegations made therein are based on personal knowledge of the complainants or on reliable information imparted to them.[7] Taken together, these procedures create a substantial probability that the arrest warrant for the petitioners could have issued solely on the constitutionally improper basis of an informant's conclusions unsupported by personal knowledge or reliable information. See *Giordenello* v. *United States*, 357 U.S. 480, 481, 486-487 (1958); *Aguilar* v. *Texas*, 378 U.S. 108, 112-114 (1964).

Our belief that the uncertainty attendant to such procedures is constitutionally unacceptable is underscored by a similar finding of the Supreme Court of Kansas. Passing on a habeas corpus petition identical to the ones offered here, the Kansas court held that it would not permit rendition in the absence of an independent probable cause determination in that State's courts. *Wilbanks* v. *State*, 224 Kan. 66 (1978). In so holding, the court expressly "disapproved" its previous cases—*Giddings, Woods, Addington*—which had permitted the issuance of an arrest warrant on the mere authority of a verified complaint. *Wilbanks* v. *State, supra* at 75. Keeping in

---

[7] See the Kansas Code of Criminal Procedure, Kan. Stat. Ann. § 22-3201 (Weeks Supp. 1977), which provides that "[t]he complaint, information or indictment shall be a plain and concise written statement of the essential facts constituting the crime charged, which complaint, information or indictment, drawn in the language of the statute, shall be deemed sufficient."

mind that the Kansas arrest warrant in the instant cases was issued before the date of the *Wilbanks* opinion, we are compelled by our own examination of Kansas practice to conclude that Kansas's procedure for the issuance of an arrest warrant has failed to provide the "reliable determination of probable cause" that the Fourth Amendment demands. *Gerstein* v. *Pugh*, 420 U.S. 103, 124-125 (1975). In these circumstances, we cannot fully credit the Kansas arrest warrant or the Kansas magistrate's recital of probable cause.

Thus, since we cannot assume that the instant Kansas arrest warrant represents a judicial finding of probable cause that the petitioners committed the crimes charged, we must examine more fully the papers accompanying the Kansas extradition demands. The single relevant document is a lengthy and detailed complaint alleging that the petitioners were involved in the unlawful importation of marihuana with intent to sell. However, the complaint, treated as an affidavit, is incapable of supporting a finding of probable cause because it fails to state if these allegations are based on either the personal knowledge of the two officers or on information supplied by reliable informers. See *Commonwealth* v. *Stevens*, 362 Mass. 24, 26-28 (1972); *Commonwealth* v. *Boswell*, 374 Mass. 263, 268-269 (1978); *Commonwealth* v. *Reynolds*, 374 Mass. 142, 148 (1977). Although the Kansas magistrate might well have taken oral testimony from the officers supplying this necessary information, no evidence of such colloquies exists in the papers accompanying the rendition demands. Thus, on the basis of the present record, we are unable to permit rendition.

Because we find no basis for interstate rendition, the appropriate result in these cases is the immediate discharge of the petitioners. If they wish, Kansas authorities may, of course, bring new rendition proceedings.

Despite the result here, we do not intend to say that every failure of documentary presentation by a demanding State must necessarily result in discharge of the peti-

tioner. A reasonably brief continuance in proceedings, while the demanding State moves with expedition to supplement its documentary array, might well permit continued custody of the accused. See *Pippin* v. *Leach*, 188 Colo. 385, 391 (1975). We shall decide that case when and if it arises. In the cases before us, however, the rendition proceedings were commenced in this Commonwealth over two years ago, and we discern no effort by the Kansas authorities to provide supplementary documentation. It seems fair to conclude that the Kansas authorities are content to test here the acceptability of their pre-*Wilbanks* proceedings. As we have said, these are not sufficiently protective of Fourth Amendment rights.

Therefore, the petitioners are to be discharged forthwith.

*So ordered.*