CALOGERO, Justice.
Jeff E. Turner was charged by affidavit with being a fugitive from the State of Oregon.[1] The matter was allotted to the Magistrate Judge of the Criminal District Court[2] and a hearing scheduled. Defendant made a motion to quash attacking the *715 allotment of the case to the Magistrate Judge rather than to a District Court Judge, and attacking the jurisdiction of the Magistrate Judge to hear and render a determination in this extradition proceeding. The Magistrate Judge[3] denied defendant’s motion to quash, found the extradition papers to be in compliance with the statute and ordered defendant extradited.
Defendant thereupon filed in this Court an application for writs challenging the rulings below, particularly the denial of the motion to quash.
Initially impressed by defendant’s arguments in support of his motion to quash, we granted relator writs with an order directing that relator be afforded his extradition hearing before a “judge” in accordance with Article 267 of the Code of Criminal Procedure, by implication one other than the Magistrate Judge. Because of this ruling we found it unnecessary to address the issue of whether defendant’s extradition papers were in proper order.
Thereafter the state filed an application for rehearing contending that the Magistrate Judge for Orleans Parish has the authority and jurisdiction to hear extradition matters. We granted a rehearing to reconsider our ruling on this issue.
Defendant argues that an extradition hearing cannot be held before the Magistrate Judge. He relies primarily upon C.Cr.P. art. 267 and its Official Revision Comment (b) in support of his argument. They provide as follows:
“C.Cr.P. art. 267.
“A person arrested upon the governor’s warrant shall not be delivered over to the agent appointed by the executive authority to receive him unless he shall first be taken before a judge, who shall inform him of the demand made for his surrender, of the crime with which he is charged, of his right to procure legal counsel, and of his right to an extradition hearing. If the prisoner or his counsel states that he desires an extradition hearing, the judge shall assign as early a day as practicable for the hearing, to be held in open court. At least one full day shall intervene between the assignment and the day fixed for the hearing. Notice of the time and place of the hearing shall be given to the district attorney of the parish in which the hearing is to be held. If an extradition hearing is not requested, the prisoner shall be delivered promptly to the agent of the demanding state.
“Official Revision Comment
“(b) The accused must be presented before a ‘judge,’ defined in Art. 261 as any judge of a district court with criminal jurisdiction, rather than before a ‘committing magistrate’ as provided in former R.S. 15:163. This provides greater assurance of competent investigation into the validity of the extradition demand. Jus-, tices of the peace, who have jurisdiction as committing magistrates in all cases not capital or necessarily punishable at hard labor, do not ordinarily have the experience or training to adequately specify and safeguard the rights of the accused, and city judges are ordinarily without experience in such matters.” (Emphasis provided.)
The state contends that defendant was properly given a hearing before a “judge.” They argue that the case was not heard by a “committing magistrate” but rather by the judge of the Magistrate Section of the Criminal District Court of Orleans Parish.[4] The state further argues that this judge of the Magistrate Section has much broader powers and jurisdiction than does a simple committing magistrate and is in fact a “judge” within the contemplation of C.Cr.P. art. 267 and the comments that follow it. In support of these contentions, the state *716 relies on R.S. 13:346 which created the judgeship in question.
R.S. 13:1346 provides:
“A. Two-thirds of all the members elected to each house concurring, and in addition to the number of judges now provided by Article VII, Section 82 of the Constitution of Louisiana, as the same was augmented and increased by Act No. 108 of 1948 as reenacted in Chapter 5 of Title 13 of the Louisiana Revised Statutes of 1950, and as was augmented and increased by Act No. 221 of 1968 as reenacted in Chapter 5 of Title 13 of the Louisiana Revised Statutes of 1950, there is hereby created one additional judge of the Criminal District Court for the Parish of Orleans, who shall receive the same salary payable by the State of Louisiana as is now paid to the other judges of said court in the same manner as such salary is paid to said judges. This salary may be supplemented by the city of New Orleans in an amount not to exceed the supplemental salary which the city of New Orleans is authorized to pay the other judges of said court. The initial term of office of the additional judge provided for herein shall begin on September 1, 1972 and shall expire on December 31, 1982. The additional judge shall be elected by the qualified electors of the parish of Orleans at the congressional election to be held on the first Tuesday next following the first Monday of November, 1974 for the term expiring December 31, 1982, however the governor shall fill the office by appointment for the beginning of said initial term until the said election. The successors to the additional judge after the initial term of office shall be elected by the qualified electors of the parish of Orleans in the manner provided by law for other judges of the Criminal District Court for the parish of Orleans for terms of twelve years.
“B. The additional judge created herein shall have and possess all of the powers, duties, jurisdiction, rights, prerogatives, and qualifications as are now prescribed by the constitution and laws of this state relative to judges of the Criminal District Court for the Parish of Orleans, except as provided herein.
“C. In addition to the sections of the Criminal District Court for the parish of Orleans now existing, there is hereby created the Magistrate Section of the Criminal District Court for the Parish of Orleans, and the additional judge created herein shall be known as the Magistrate and shall preside over the Magistrate Section. Said judge shall have jurisdiction to act as committing magistrate in felony and misdemeanor charges and to hold preliminary examinations, with the authority to bail or discharge, or to hold for trial, in all cases before the Criminal District Court for the Parish of Orleans, and shall have the power to adopt all necessary rules with respect thereto.
“D. The additional judge created herein shall hold court in the same building as is provided for the other judges of said court by the city of New Orleans, and with the approval of the judges of the Criminal District Court for the Parish of Orleans, acting en banc, may hear preliminary motions, accept pleas in misdemeanor cases, hear and render judgments in other matters, including misdemeanor cases, preliminary to the trial on the merits, and conduct trials of misdemeanor cases and sign and issue search and arrest warrants upon probable cause being shown in accordance with law. Said judge shall have the right to appoint a stenographer and minute clerk as provided by law, and the criminal sheriff for the parish of Orleans shall appoint a crier and deputy sheriff for said section of the court created herein as provided by law.
“E. The Criminal District Court for the Parish of Orleans, including the Magistrate of the Magistrate Section of said court, acting en banc, shall prescribe rules and procedures not inconsistent with the constitution and laws of this state to be followed in all matters to be presented before the Magistrate Section.” (Emphasis provided.)
The question thus presented is whether the holder of the judgeship created by R.S. *717 13:1346 is a “judge” within the contemplation of C.Cr.P. art. 267.
Article 267 of the Code of Criminal Procedure is contained in Title VI of the Code, a section devoted to extradition proceedings. Also contained in that section is Article 261. Section (5) of Article 261 specifically defines “Judge” as “any judge of a district court with criminal jurisdiction.” Clearly this definition encompasses the holder of the judgeship created by R.S. 13:1346, for the Magistrate Judge is a judge of the Criminal District Court for the Parish of Orleans, a district court with criminal jurisdiction.
R.S. 13:1346 specifically provides “there is hereby created one additional judge of the Criminal District Court for the Parish of Orleans, who shall receive the same salary payable by the State of Louisiana as is now paid to the other judges. ...” The statute sets out the initial term of office of “the additional judge," provides that the “additional judge ” shall be elected and further provides that “[t]he successors to the additional judge after the initial term of office shall be elected by the qualified electors of the parish of Orleans in the manner provided by law for other judges of the Criminal District Court for the parish of Orleans for terms of twelve years.” It is clear from the language of the statute that the legislature intended and did in fact create a judgeship, with the person holding it being a judge of the Criminal District Court.
It should also be noted that the statute was enacted with “two-thirds of all the members elected to each house concurring,” as was required by Article VII, Section 87, of the 1921 Constitution, for the creation of a judgeship. While we are mindful of the fact that the statute provides that this judge “shall preside over the Magistrate Section,” it also provides “[t]he additional judge created herein shall have and possess all of the powers, duties, jurisdiction, rights, prerogatives, and qualifications as are now prescribed by the constitution and laws of this state relative to judges of the Criminal District Court for the Parish of Orleans, except as provided herein.” Nowhere thereafter does the statute deny this judge the power or jurisdiction to preside over extradition proceedings. To the contrary, the judge is authorized to exercise full jurisdiction over all matters preliminary to trial for with the approval of the other judges of the Criminal District Court acting en banc, he “may hear preliminary motions, . . . hear and render judgments in other matters . . . preliminary to trial on the merits, .. . and sign and issue arrest warrants upon probable cause being shown in accordance with law.”
Defendant contends that because the Magistrate Judge does not have the exact same powers and jurisdiction as the other judges of the Criminal District Court because of the limitations set out in R.S. 13:1346(C) and (D),[5] he does not have the authority or jurisdiction to hear extradition proceedings. We disagree.
As stated above, the statute creates a judgeship, the holder of which is a judge of a district court with criminal jurisdiction as is required by C.Cr.P. arts. 267 and 261. The statute does not exclude from the Magistrate Judge’s powers or jurisdiction the authority to preside over extradition proceedings, but rather, authorizes such action by providing that the Magistrate Judge may, with the approval of the other judges acting en banc, “hear and render judgments in other matters . . . preliminary to the trial on the merits.”
Furthermore, our interpretation here is not inconsistent with the concerns expressed by the legislature in enacting C.Cr.P. art. 267, as set out in the Official Revision Comments to that statute. The legislature removed jurisdiction over extradition proceedings from committing magistrates, and placed it in “judges” to provide “greater assurance of competent investigation into the validity of the extradition demand.” From a reading of the comments, it appears that the legislature was concerned that committing magistrates, like *718 Justices of the Peace who deal only with misdemeanor cases, might not have the experience to preside over extradition proceedings involving felonies. The Magistrate Judge has jurisdiction to act as a committing magistrate in felony cases, to hold preliminary examinations in felony cases, with the authority to bail or discharge or to hold for trial, and with the approval of the other judges of the Criminal District Court for Orleans Parish, to hear preliminary motions in felony cases, hear and render judgments in other felony matters that are preliminary to trial on the merits[6] and may sign and issue search and arrest warrants in felony cases upon probable cause being shown in accordance with law.
Since we hold that the Magistrate Judge is a judge within the meaning of C.Cr.P. art. 267 and that he has jurisdiction to preside over defendant’s extradition hearing, we must now turn our focus to defendant’s assignments of error concerning the extradition proceedings themselves.
Defendant’s first contention is that there is not an authenticated copy of the indictment against him by the executive authority making the demand. Defendant does not elaborate on this argument, and in our review of the record we have found an indictment against defendant by the State of Oregon, the executive authority making the demand, authenticated by the Governor of Oregon. Thus we find defendant’s argument here lacks merit.
Next, defendant argues that he was not properly afforded his rights under C.Cr.P. art. 267, to be “taken before a judge, who shall inform him of the demand made for his surrender, of the crime with which he is charged, of his right to procure legal counsel and of his right to an extradition hearing.”
The court minutes reflect that the proceedings were instituted by an affidavit which clearly set out the specifics of the allegations against defendant. Additionally, this was defendant’s second extradition hearing and the minutes to the first hearing indicate that defendant was informed of his constitutional rights. Defendant does not contend that he was not properly informed of his rights but only that the minutes concerning this second hearing do not state that he was so informed. Defendant was represented by counsel throughout the proceedings and there is nothing in the record to indicate that defendant was prejudiced in any way. Therefore, we find that this argument by defendant lacks merit.
Finally, defendant contends that the affidavit by a New Orleans police officer, which initiated the proceedings against him was amended on the day of the trial by the district attorney. Defendant contends that the district attorney cannot amend an affidavit by this police officer and further, that after the amendment, he should have been given at least one full day before his hearing in accordance with' C.Cr.P. art. 267. However, defendant does not inform us of the manner in which the affidavit was allegedly amended and thus we assume these contentions are not serious. From our own *719 review of the documents filed in the record and the minutes of the lower court proceedings, we can find no evidence of any amendment to the affidavit. This argument also lacks merit.

Decree

For the foregoing reasons we find that the Magistrate Judge of the Criminal District Court for the Parish of Orleans, whose office was created by R.S. 13:1346, does have the authority and jurisdiction to preside over extradition proceedings, and further, that the necessary papers do accompany the demand for defendant’s extradition and the extradition was properly ordered. Accordingly, this Court’s original ruling is reversed, the rulings of the trial court denying defendant’s motion to quash and ordering defendant extradited are affirmed and the case is remanded to the District Court.
TRIAL COURT JUDGMENT AFFIRMED; CASE REMANDED.

. The indictment attached to the Governor’s warrant charges defendant with the crime of failure to appear in the first degree. ORS 162.-205. The crimes he is alleged to have committed for which he did not appear are rape and kidnapping.

. As explained in oral argument by counsel for the state, the allotment procedure for extradition cases in the Criminal District Court for Orleans Parish operates essentially as follows: Extradition matters are “classed” as misdemeanors with various other matters, and cases in this class are allotted variously to the Magistrate Judge, the ten other Judges and the four Commissioners. When, however, one of the Commissioners is allotted an extradition matter, it is automatically reallotted, or assigned to the Magistrate Judge.

. Judge Andrew G. Búcaro was sitting by appointment of this Court as Magistrate Judge Ad Hoc in the temporary absence of Judge Gerard J. Hansen.

. By virtue of R.S. 13:1346 and R.S. 13:1347, the person holding the judgeship created by R.S. 13:1346 is known as the Magistrate Judge and is to preside over the Magistrate Section of the Criminal District Court which consists of the Magistrate Judge and four Commissioners.

. For instance, he may not hear full trials in felony cases and some of his powers are only with leave of the other Criminal District Court judges acting en banc.

. That the Magistrate Judge may hear and render judgments in all preliminary matters in felony cases is clear from a reading of the statute prior to its most recent amendment. The statute provided in part that the Magistrate Judge “may hear preliminary motions, pleas and other matters preliminary to trial on the merits ...” with no distinction between felony cases and misdemeanor cases. In response to this Court’s ruling in State v. Brady, 310 So.2d 593 (La. 1975) which held that the Magistrate Judge did not have the authority to conduct trials in misdemeanor cases, the legislature amended the statute to include specific provisions allowing the Magistrate Judge to hold such trials and also added references to misdemeanor cases throughout R.S. 13:1346(D) so that it would be clear that all provisions did apply to misdemeanor matters. In doing so, the counterpart to the above language in the amended statute is “may hear preliminary motions, accept pleas in misdemeanor cases, hear and render judgments in other matters, including misdemeanor cases, preliminary to trial on the merits, and conduct trials of misdemeanor cases. . . . ” We do not believe that this Legislative broadening of the Magistrate Judge’s powers, to include trial in misdemeanor cases, was intended to or did in fact affect the prior statutory authority with reference to preliminary matters in felony cases.