JOHN W. WENTWORTH *v.* DAVID BOURBEAU

SPEZIALE, C. J., HEALEY, PARSKEY, ARMENTANO and SPONZO, Js.

Argued June 8—decision released September 14, 1982

*John R. Whelan,* deputy assistant public defender, for the appellant (plaintiff).

*Arnold M. Schwolsky,* assistant state's attorney, with whom, on the brief, was *John M. Bailey,* state's attorney, for the appellee (defendant).

ARMENTANO, J. This appeal questions whether the requisition documents presented to the state of Connecticut by the state of Utah were sufficient to extradite the plaintiff to Utah under the Uniform Criminal Extradition Act, and whether the trial court's failure to advise the plaintiff of his statutory rights under General Statutes § 54-166 precluded the court from denying his subsequent petition for a writ of habeas corpus.

On September 5, 1980, the plaintiff was arrested on a fugitive warrant based upon a communication from the state of Utah seeking his extradition to be prosecuted for the crime of theft, a second degree felony. Utah Code Ann. §§ 76-6-404, 76-6-412 (1953). Three months later the plaintiff was served with a rendition warrant signed by the governor of the state of Connecticut in response to a request for extradition signed by the governor of the state of Utah. Together with an information signed by the prosecuting attorney and based on evidence obtained from two witnesses, a charging affidavit

and a complaint, the documents accompanying the request for extradition included a warrant of arrest signed by a judge expressly based upon the court's finding of probable cause that the plaintiff had committed the crime charged.

At the arraignment hearing the plaintiff was represented by counsel who indicated at the outset that the plaintiff wished to contest the validity of the governor's warrant. In response to that representation the trial court granted a thirty-day continuance, appointed the same counsel, the public defender, as counsel for the plaintiff, and set bond with surety at $10,000 or $5000 cash.

In his application for writ of habeas corpus the plaintiff contended that his detention was illegal because (1) he was not substantially charged with a crime in the state of Utah in that there was no basis for a finding of probable cause, and the information did not allege sufficient facts to substantiate the charge; and (2) he was not properly advised at the time of his arraignment on the governor's warrant of the crime with which he was charged and of his right to demand and procure counsel as required by General Statutes § 54-166. After a hearing the trial court denied the petition, ruling that the plaintiff had been substantially charged with a crime. Nevertheless, for the purpose of complying with the requirements of General Statutes § 54-166 which the court found had been violated, the court ordered a hearing for the sole purpose of providing the plaintiff with the requisite advisory instructions.

In this appeal the plaintiff claims that the court erred in denying his petition for a writ of habeas corpus because (1) the requisition documents did

not substantially charge him with a crime as required by General Statutes § 54-159, by the constitution of the United States, article four, § 2, cl. 2, and by 18 U.S.C. § 3182; (2) the plaintiff overcame the presumption of regularity as to whether there existed probable cause for arrest; and (3) the requirements of General Statutes § 54-166 were violated at the arraignment hearing.

We first address the plaintiff's claim that he was not substantially charged with a crime as required by General Statutes § 54-159.[1] This court in recent cases has had occasion to discuss the purpose and operation of the Uniform Criminal Extradition Act. See General Statutes §§ 54-157 through 54-185; *Hill* v. *Blake,* 186 Conn. 404, 407, 441 A.2d 841 (1982); *Narel* v. *Liburdi,* 185 Conn. 562, 441 A.2d 177 (1981), cert. denied, 456 U.S. 928, 102 S. Ct. 1974, 72 L. Ed. 2d 443 (1982); see also *Bloom* v. *Lundburg,* 149 Conn. 67, 70, 175 A.2d 568 (1961), cert.

---

[1] General Statutes § 54-159 provides: "REQUIREMENTS FOR RECOGNITION OF EXTRADITION DEMAND. No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging, except in cases arising under section 54-162, that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. The indictment, information or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the executive authority making the demand."

denied, 369 U.S. 819, 82 S. Ct. 831, 7 L. Ed. 2d 785 (1962). It bears repeating only that an extradition hearing "is limited to four questions, namely, (a) whether the extradition documents on their face are in order, (b) whether the plaintiff has been charged with a crime in the charging state, (c) whether the plaintiff is the person named in the request for extradition and (d) whether the plaintiff is a fugitive. *Cuyler* v. *Adams,* 449 U.S. 433, 443n, 101 S. Ct. 703, 66 L. Ed. 2d 641 (1981); *Michigan* v. *Doran,* 439 U.S. 282, 289, 99 S. Ct. 530, 58 L. Ed. 2d 521 (1978)." *Narel* v. *Liburdi,* supra, 565; see *Glavin* v. *Warden,* 163 Conn. 394, 401, 311 A.2d 86 (1972); *Reynolds* v. *Conway,* 161 Conn. 329, 336, 288 A.2d 77 (1971). The plaintiff does not challenge the trial court's resolution of the third and fourth questions.

The question of whether the plaintiff was substantially charged with a crime in the state of Utah is one of law. E.g., *Munsey* v. *Clough,* 196 U.S. 364, 372, 25 S. Ct. 282, 49 L. Ed. 515 (1905); *Smith* v. *Idaho,* 373 F.2d 149, 155 (9th Cir. 1967); *Brode* v. *Power,* 31 Conn. Sup. 411, 412, 332 A.2d 376 (1974). Whether a party is "charged" with a crime means whether he has been formally accused of that crime. *In re Strauss,* 197 U.S. 324, 331, 25 S. Ct. 535, 49 L. Ed. 774 (1905). To charge "substantially," as provided by General Statutes § 54-159, requires that the charge be based upon probable cause. *Michigan* v. *Doran,* supra, 296 (Blackmun, J., concurring); *Hill* v. *Blake,* supra, 410–11; *Brode* v. *Power,* supra, 413.

The information and arrest warrant in the present case both allege that the plaintiff is guilty of the crime of theft, a second degree felony, and recite that the crime had occurred in Castle Dale,

Utah, and that "the stolen property includes a firearm and an operable motor vehicle." The charging affidavit and complaint were not made part of the record in this appeal. The plaintiff claims that the information and arrest warrant were insufficient for the purpose of substantially charging the crime because an arrest warrant cannot be considered as supporting an extradition,[2] because the documents do not allege the ownership of the property allegedly stolen, and because they do not sufficiently describe the crime to warrant a determination of probable cause.

The plaintiff bases his claim that an arrest warrant may not be considered in determining whether probable cause existed on the express language of part of General Statutes § 54-159 providing that "[t]he indictment, information or affidavit made before the magistrate [in the demanding state] must substantially charge the person demanded with having committed a crime under the law of that state . . . ." Because that provision does not refer to an arrest warrant, the plaintiff contends that a warrant cannot be considered, although he concedes that another part of the same statute permits an arrest warrant and accompanying affidavit to support a demand for extradition. The distinction is significant because the arrest warrant was based upon a judicial finding of probable cause.

An arrest warrant has often been considered by courts in determining whether a crime has been

---

[2] Contrary to the defendant's claim, it appears from the transcript of the hearing on the habeas corpus petition that the plaintiff did raise this issue in oral argument before the trial court. Moreover, the plaintiff's preliminary statement of issues includes the issue of whether there is a basis for finding probable cause, which incorporates the subordinate issue of whether an arrest warrant may be considered in that determination.

substantially charged under the Uniform Criminal Extradiction Act. See *Michigan* v. *Doran,* supra, 289; *Garrison* v. *Smith,* 413 F. Sup. 747, 753 (N.D. Miss. 1976); *Pippin* v. *Leach,* 188 Colo. 385, 390, 534 P.2d 1193 (1975); *In re Consalvi,* 376 Mass. 699, 703, 382 N.E.2d 734 (1978). If we were to adopt the plaintiff's reasoning, an arrest warrant may accompany a demand for extradition, but the substance of that warrant could not be considered. We assume that the legislature did not intend this illogical result, and, reading the section as a whole, hold that it requires that the documents read together purporting to charge the accused must substantially charge him with a crime. Cf. *Hill* v. *Blake,* supra, 409.

The charging documents do not state who owned the allegedly stolen property, an essential element of the crime of theft; see Utah Code Ann. § 76-6-404 (1953); but do specifically refer to the statutes violated. Criminal charges are ordinarily in conclusory language. *Michigan* v. *Doran,* supra, 290. The failure of the charging documents to allege every element of the crime charged is not fatal to extradition, provided that the statute allegedly violated is incorporated by reference. See *Jacobsen* v. *State,* 99 Idaho 45, 49, 577 P.2d 24 (1978); *Greenbaum* v. *Darr,* 220 Kan. 525, 530, 552 P.2d 993 (1976).

The existence of probable cause in the demanding state is a condition precedent to substantially charging the accused. See *Ross* v. *Hegstrom,* 157 Conn. 403, 410, 254 A.2d 556 (1969). If a judicial officer in the demanding state has found probable cause to arrest the plaintiff, then the asylum court may not review that finding because it is clothed

with the traditional presumption of regularity. *Michigan* v. *Doran,* supra, 288, 290; *Garrison* v. *Smith,* supra, 756; *In re Consalvi,* supra, 702; see also *Pippin* v. *Leach,* supra, 390. To allow plenary review of probable cause would defeat the summary disposition of extradition cases which is the purpose of the Uniform Criminal Extradition Act. *Michigan* v. *Doran,* supra, 290; *Narel* v. *Liburdi,* supra, 566.

The plaintiff has not claimed that the demanding state's procedure for issuing an arrest warrant is not based upon a judicial finding of probable cause. See *In re Consalvi,* supra, 702. Accordingly, he has not overcome the presumption of regularity that accompanies a finding of probable cause in an arrest warrant signed by a judge. *In re Consalvi,* supra, 702; see Utah R. Crim. Proc. 77-35-6; *Gerstein* v. *Pugh,* 420 U.S. 103, 111, 116 n.18, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1974).

Finally we address the plaintiff's claim that the trial court's failure to give advisory instructions pursuant to General Statutes § 54-166[3] precluded the court from denying his petition for habeas corpus. The trial court conceded that it had not

---

[3] General Statutes § 54-166 provides: "APPEARANCE OF ACCUSED IN COURT. HABEAS CORPUS. No person arrested upon such warrant shall be delivered over to the agent whom the executive authority demanding him has appointed to receive him unless he is first taken forthwith before a judge of any court having criminal jurisdiction in this state, who shall inform him of the demand made for his surrender and of the crime with which he is charged, and that he has the right to demand and procure legal counsel; and if the prisoner or his counsel states that he or they desire to test the legality of his arrest, the judge of such court shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus. When such writ is applied for, notice thereof, and of the time and place of hearing thereon, shall be given to the state's attorney of the county in which the arrest is made and in which the accused is in custody, and to the agent of the demanding state."

given the instructions, but attempted to cure that technical defect by ordering a hearing specifically for the purpose of complying with General Statutes § 54-166. Because the plaintiff was represented at the arraignment hearing by counsel who informed the court of his intention to contest extradition before the court had an opportunity to recite the advisory instructions, the court's failure to advise the plaintiff of the rights which he had already exercised could not have been prejudicial. See *State* v. *Turner,* 389 So. 2d 714, 718 (La. 1980). Under these circumstances, the trial court did not err in denying the petition.[4]

There is no error.

In this opinion the other judges concurred.

---

[4] The court need not have ordered a further advisory hearing since the plaintiff received all that to which he was entitled under the statute and therefore he was not in a position to complain. See *State* v. *Belanger,* 148 Conn. 57, 64, 167 A.2d 245 (1961).