[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner has brought this application for a writ of habeas corpus under section 54-166 of the General Statutes CT Page 5069 to prevent his extradiction to the State of New York on an extradiction warrant signed by the Governor of Connecticut.
At the hearing on the application, the respondent, a detective in the Connecticut State Police, testified and introduced the documents received under seal from the State of New York. Based on these documents, the Governor of Connecticut issued the extradiction warrant. The petitioner was sentenced in New York for arson in the second degree under section 150.15 of the Penal Law of that state on January 6, 1981, and failed to appear for execution of the sentence. He was physically present in New York at that time and when the crime was committed and charged. He fled from New York and now resides in Connecticut. It is conceded that he is the person sought by New York for extradiction.
Both New York and Connecticut have adopted the Uniform Criminal Extradiction Act, sections 54-157 to 54-185 of the Connecticut General Statutes. The requirements for recognition of an extradiction demand are contained in section 54-159. An extradition hearing is limited under the statute to four questions, namely, whether the extradiction documents on their face are in order; whether the petitioner has been charged with a crime in the charging state; whether he is the person charged in the request for extradiction; and whether he is a fugitive from justice. Parks v. Bourbeau,193 Conn. 270, 275; Wentworth v. Bourbeau, 188 Conn. 364,368; Reynolds v. Conway, 161 Conn. 329, 336. All of these requirements are proven by the testimony and the extradiction warrant and attached documents. The documents allege that the petitioner was present in the demanding state at the time of commission of the crime of arson in the second degree and that he thereafter fled from that state, Ross v. Hegstrom,157 Conn. 403, 410, and they show a conviction under the laws of New York. Winnick v. Reilly, 100 Conn. 291, 294-296. The issuance of a governor's warrant creates a presumption of regularity in all proceedings in the demanding state leading to issuance of the warrant. Fain v. Bourbeau, 195 Conn. 465,472, 473. There was no evidence offered to rebut it. Once the Governor of the asylum state has acted on a request for extradiction, based on the demanding state's judicial determination that probable cause existed, no further inquiry may be made on that issue on the asylum state. Michigan v. Doran, 439 U.S. 282, 290; Parks v. Bourbeau, supra, 277.
The petitioner claims that section 54-159 was not complied with since the extradiction papers fail to allege that the petitioner has broken the terms of his bail. The relevant portion of the statute requires the written demand for extradiction to be accompanied by one of several things, CT Page 5070 including: "or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole." (Emphasis added.) The use of the disjunctive "or" between two parts of a statute indicates a clear legislative intent of separability. State v. Dennis, 150 Conn. 245, 248. The statute does not require an allegation that the person has broken the terms of his bail, probation or parole where the papers include a copy of the judgment of conviction. This is supported by the last sentence in section 54-159 that "the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the executive authority making the demand." (Emphasis added.) The petitioner's argument fails for an additional reason: The request signed by the Governor of New York states that "the accused was sentenced and broke the terms of bail, and failed to appear for service of sentence . . . ."
The petitioner claims that the warrant improperly charges him with criminal mischief in the second degree in addition to arson in the second degree. It is unnecessary to determine if he can be extradicted on the criminal mischief charge because the arson charge is grounds for extradiction and the documents are in proper order as to it. It is also claimed that the documents are insufficient because neither New York nor Connecticut have charged the petitioner with failure to appear. The affidavit states that he failed to appear for execution of sentence on the arson charge. It was not necessary to charge him with an additional charge of failure to appear. There is probable cause that the petitioner committed and was convicted of arson in the second degree in New York. Section 54-159 and the other applicable statutes were complied with.
The petitioner also claims that the failure of New York to request a warrant for over ten years after the offense deprived him of his due process rights. The application in New York explains the delay as due to failure to locate the petitioner in New York and because he was incarcerated in federal prison for crimes committed after his New York conviction. More important, constitutional claims such as denial of due process are to be considered in the demanding state and not by the asylum state. Engel v. Bourbeau, 201 Conn. 162, 168; Narel v. Liburdi, 185 Conn. 562,565.
The petition for a writ of habeas corpus is denied. The petitioner is directed to contact the State's Attorney CT Page 5071 and make arrangements to surrender himself to the respondent for extradiction to the State of New York.
ROBERT A. FULLER, J.