[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This petition for habeas corpus is brought by Raymond Ranciato, who claims that he is wrongfully being deprived of his liberty by being held on a warrant of extradition to the State of California pursuant to a rendition warrant issued by Governor Lowell P. Weicker, Jr. on August 13, 1993.
The petitioner, who is at liberty on bond, claims that he cannot be extradited to California because the request for his extradition does not conform to the requirements of General CT Page 586 Statutes 54-159. Specifically, the petitioner claims: 1) that the documents supporting the issuance of the rendition warrant are not in order; and 2) that the petitioner has not been substantially charged with a crime by the demanding state. Petitioner abandoned a third claim that California sought his extradition to collect a private debt.
This is the petitioner's second habeas corpus claim challenging California's desire to extradite him. By written decision, dated April 13, 1993, Judge Hodgson granted petitioner his requested relief upon complaints similar to the issues raised in this second petition. Judge Hodgson held that: "The petitioner demonstrated that the demand for extradition which underlies the extradition warrant is defective since it does not include a record of any finding of probable cause in California as to the crime of grand theft." Ranciato v. Corrier, Superior Court, J.D. of New Haven, No. CV92-339646 (April 13, 1993). Following Judge Hodgson's decision, new extradition documents were submitted by the respondent and contested by the petitioner on like grounds.
Hearings contesting extradition warrants are "limited to four questions, namely, (a) whether the extradition documents on their face are in order, (b) whether the plaintiff has been charged with a crime in the charging state, (c) whether the plaintiff is the person named in the request for extradition and (d) whether the plaintiff is a fugitive." Narel v. Liburdi, 185 Conn. 562, 565
(1981).
The petitioner claims the extradition documents are not in order because the statute allegedly violated by the petitioner in the State of California does not contain the elements of the crime charged. The petitioner further contends that the documents in support of the issuance of the rendition warrant are limited only to those documents which were authenticated by the Governor of California in support of his requisition warrant. At the heart of the petitioner's claim, however, is his contention that the only documents in support of the petitioner's rendition that the governor of Connecticut could legally consider in complying with the governor of California's requisition warrant are limited to those listed by the California district attorney in his application for requisition, dated June 30, 1993. The petitioner argues that any other documents submitted with the requisition warrant would not have been authenticated by the California governor, nor for that matter that they were even presented to and considered by the California governor, since they are not listed in the application CT Page 587 for requisition.
When the governor of Connecticut issued his rendition warrant, he had before him a demand for extradition from the governor of California that certified: that the documents annexed thereto were authentic and duly authorized, in accordance with the laws of the State of California; that Raymond Ranciato stood charged with the crime of grand theft committed in that state; that Ranciato was present in that state at the time of the commission of that crime; that thereafter Ranciato had fled from the justice of that state; and that Ranciato had taken refuge and could now be found in the state of Connecticut. Accompanying the request for extradition were a number of documents, including the following: (1) an "Application for Requisition" of Ranciato, dated June 30, 1993, addressed to the governor of the state of California and sworn to by a named California district attorney, stating that Ranciato was properly charged with the crime of grand theft, that Ranciato was present in California at the time he allegedly committed this crime, and that Ranciato thereafter fled from California; (2) an agent's appointment, dated July 21, 1993, signed by the governor and the secretary of state of the state of California, bearing the seal of the state of California, that designated the person deputized to receive Ranciato; (3) a certification by the secretary of state of the state of California, dated July 21, 1993, certifying that Dennis B. Jones is a clerk of the superior court of California and that Charles C. Kobayashi is a Judge of the Superior Court of California, and bearing the seal of the State of California; (4) a First Amended Verified Complaint, dated June, 1993, signed by Officer Tom Roloff and notarized by Judge Kobayashi and Deputy Clerk Jones, charging Ranciato with the commission of grand theft; (5) a Felony Order of Magistrate, dated May 7, 1990, signed by Judge Robert A. Barclay and Clerk R.D. Marion, stating that there is probable cause that Ranciato committed grand theft as charged; (6) an Information, dated May 14, 1990, signed by a named district attorney, charging Ranciato with the commission of grand theft; (7) a Certification Form, signed by Judge Kobayashi, dated June 30, 1993, certifying the documents submitted as being true and complete copies of Ranciato's court file, No. 96479, including a further certification, signed by Clerk Jones that Judge Kobayashi is a judge of the Superior Court; (8) a Felony Bench Warrant and Order Issuing Bench Warrant, signed by Judge Jack Sapunor, dated June 21, 1990, charging Ranciato with Failure to Appear to answer to the charge of Grand Theft, and setting bail in the sum of $75,000.00; (9) an affidavit of Officer Tom Roloff, Sacramento Sheriff's Department, subscribed and sworn to before Deputy Clerk CT Page 588 D. Ahee on June 30, 1993, stating that Ranciato is being detained in New Haven, Connecticut pursuant to a California Bench Warrant, dated June 21, 1990, for grand theft, that a First Amended Verified Complaint was filed against Ranciato on June 30, 1993, and that a good faith Application for Requisition is being made to return Ranciato to California to prosecute him for grand theft; (10) an eighty page verbatim transcript of a preliminary hearing before Judge Barclay, on May 7, 1990, at which time Ranciato was present and represented by counsel, which concluded with the court finding probable cause that Ranciato committed grand theft as charged; and (11) fingerprints and photo of Ranciato.
Of the eleven documents listed above, the petitioner argues that the California governor authenticated only the district attorney's application for requisition and the five documents listed therein; i.e., documents 1, 3, 4, 8, 9 and 11 listed above. The petitioner concludes, therefore, that this court has no more information to consider than Judge Hodgson had when she granted Ranciato his relief on April 13, 1993. For the reasons stated below, the petitioner's claims lack merit.
 The scope of the inquiry that an asylum state is authorized to make in a contest over extradition is a limited one. In accordance with constitutional principles of comity and the provisions of the Uniform Criminal Extradition Act, General Statutes 54-157 et seq., proceedings in the asylum state must recognize that proceedings in the demanding state are clothed with the traditional presumption of regularity. It is from this perspective that we must determine whether extradition documents "on their face are in order" and whether the petitioner has been "substantially charged" in the demanding state.
Fain v. Bourbeau, 195 Conn. 465, 472 (1985) (citations omitted).
General Statutes 54-159, which establishes the documentary requirements for a valid extradition request, states that "[t]he indictment, information or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, [or] affidavit . . . must be authenticated by the executive authority making the demand. In this case, the governor of California has expressly certified "the annexed application for CT Page 589 requisition and copies of complaint before a magistrate and supporting papers" to be authentic and duly authenticated in accordance with the laws of California. (emphasis added). In the context of extradition proceedings, considerable deference is afforded to the proceedings of the demanding state. Fain v. Bourbeau, supra, 473. "When it appears that the requesting papers were deemed sufficient by the executive authority of the respective states for requisition and rendition, the judiciary should not interfere, on habeas corpus, and discharge the accused, upon technical grounds . . . unless it be clear that what was done was in plain contravention of law." Engel v. Bourbeau, 201 Conn. 162, 173
(1986) (citations omitted). This court rejects the petitioner's reasoning, for the inattention to certain technicalities will not render void the extradition of the accused, as the effect of such a decision would be to exalt form over substance. Hill v. Blake,186 Conn. 404, 409 (1982) (citations omitted). The petitioner has not introduced contrary evidence to rebut the presumption raised by the governor's warrant of extradition. The California governor's authentication is sufficient and is binding upon this court. Fain v. Bourbeau, supra, 473.
Having concluded that the petitioner may not resist extradition by challenging the authentication of rendition documents when their authenticity has been certified by the governor of the state demanding his return, renders the petitioner's claim that he has not been substantially charged with a crime in California meritless. "Whether a party is `charged' with a crime means whether he has been formally accused of that crime. . . To charge `substantially,' as provide by General Statutes 54-159, requires that the charge be based upon probable cause." Wentworth v. Bourbeau, 188 Conn. 364, 368 (1982) (citations omitted). Therefore, if the documents facially show a neutral magistrate has made a finding of probable cause, this court should inquire no further.
In this case, a felony order of magistrate was issued by Judge Barclay following a preliminary hearing on the issue of whether the evidence indicated sufficient cause to hold Ranciato to answer in California on grand theft charges. A certified copy of Judge Barclay's order reveals the following language above his signature: "It appearing to me that the offense(s) set forth below [grand theft] has/have been committed, and that there is sufficient cause to believe the defendant guilty thereof; I order that the defendant be held to answer to same. . ." Furthermore, a certified copy of the verbatim transcript of the preliminary hearing quotes Judge Barclay CT Page 590 as follows: "From the evidence the court finds probable cause has been shown that there has been a violation of Section 487.1 of the Penal Code [grand theft] at the times, places and in the manner set forth in the complaint on file herein, and probable cause has been shown that you, Raymond Donald Ranciato, may be guilty thereof." Once a neutral judicial officer in California has determined that probable cause exists, the courts in Connecticut are without power to review the determination. Parks v. Bourbeau, 193 Conn. 270, 277
(1984) (citations omitted).
Based on the foregoing, the petition for a writ of habeas corpus is denied.
Robert A. Martin, Judge