JOHN L. KEITH AND C. H. SENNER v. AMELIA L. HAMBLIN.

### No. 278.

VOID DEED OF ASSIGNMENT—*Unverified Schedule*—*Chattel Mortgage.* Where a deed of assignment by an insolvent debtor for the benefit of his creditors was duly executed, delivered, and filed for record, and where at the same time a schedule of the assignor's liabilities was filed with the clerk of the district court, and such schedule was unverified and remained for sixty days thereafter unverified, *held*, that the deed of assignment was inoperative as against the holder of an unrecorded chattel mortgage who began an action of replevin against the assignor and assignee jointly within three days after the filing of the deed.

Error from Franklin district court; A. W. Benson, judge.   Opinion filed June 15, 1898.   Affirmed.

*J. W. and W. A. DeFord*, for plaintiff in error.

*W. H. Clark*, and *F. A. Waddle*, for defendant in error.

The opinion of the court was delivered by

Milton, J. :   Action commenced May 4, 1893, by the defendant in error, as plaintiff, to replevin a stock of groceries, etc., then in the city of Ottawa, Kan., under two chattel mortgages executed by C. H. Senner.   The first of these, dated December 22, 1892, and given to Mrs. A. S. Fales to secure a note of that date for $200, was filed for record May 3, 1893, and was on that day assigned by Mrs. Fales to Mrs. Amelia L. Hamblin, the defendant in error; and the second, dated January 23, 1893, was given to Mrs. Hamblin to secure a note for $550.   The notes were due in six and twelve months from their respective dates, and were given by Senner on account of loans of money obtained from the mortgagees.   This money was used by him in paying bills for goods and otherwise in connection with his business.   The mortgages contained the provisions usual to such instruments, except that in one Senner promised to ''keep up said stock in good condition,'' and in the other agreed that in case he should be in financial difficulty he would notify the mortgagee, in order that she might file the mortgage for record.

On May 2, 1893, Senner, owing debts aggregating about $1400, executed a deed of assignment in the usual and proper form, by which he conveyed all his '' lands and tenements, goods and chattels, notes, bonds, and

accounts, and all property of every description belonging to said C. H. Senner, and liable for the payment of his debts," to J. L. Keith, assignee, in trust for the benefit of his creditors. The deed of assignment was recorded at eleven o'clock A. M. on the day of its excution, prior to the recording of either of the mortgages. The assignee took immediate possession of the goods.

To plaintiff's petition the defendants Keith and Senner answered jointly with a general denial of the allegations of the petition, and prayed judgment that the goods be returned to Keith. None of the pleadings in any wise intimate that Keith was or purported to be assignee, although that question seems to have engaged the attention of the trial court.

After January 23, 1893, Senner purchased on credit from wholesale dealers nearly $600 worth of goods and the accounts therefor remained unpaid at the date of the assignment. Besides these accounts and the debts secured by the mortgages, he owed less than $100.

At the time the deed of assignment was filed, the assignor delivered to the clerk of the district court an unverified schedule of his liabilities, and it was not until July 2, 1893, that his affidavit was written thereon, verifying the same. At the date fixed for the creditors' meeting no assignee was chosen, and on July 9, 1893, the district judge appointed Keith as assignee. He thereupon duly qualified and has since purported to act as such assignee. After obtaining possession of the goods by replevin, the plaintiff sold the same for $400 in cash.

The court concluded as a matter of law that the assignment was void as to the creditors of the assignor, for the reason that it appeared the latter had fraudulently retained the accounts due him for goods sold, and also had kept some other property. As the findings

made by the court indicate that the assignor's wrongful acts were without the knowledge or consent of the assignee, we think this conclusion hardly tenable on the grounds stated. The court also held that the mortgages, while void as to the creditors, were valid as between the parties, and not subject to attack by the assignee; and that the plaintiff was at the commencement of the action entitled to the possession of the property in controversy. Judgment was accordingly entered for the plaintiff.

We think the judgment of the trial court must be sustained, but not upon the ground stated in the first conclusion of law. We prefer to base our decision upon the proposition that a deed of assignment for the benefit of creditors by an insolvent debtor is inoperative until a schedule of liabilities, prepared in substantial conformity with the terms of the statute, and duly verified, is filed by the assignor with the clerk of the district court in the proper county. We think the provisions of the law relating to assignments are in this respect mandatory, and that strict compliance with such provisions is essential to the validity of an assignment. (*Palmer v. McCarthy*, 31 Pac. Rep. [Colo. App.] 241; *Beardsley v. Frame*, 24 id. [Cal.] 721; *Mosconi v. Burchinell*, 43 id. [Colo. App.] 912; *Laudauer v. Conklin*, 54 N. W. Rep. [S. Dak.] 322; *Bank v. Noe*, 86 Tenn. 21.)

We shall not consider questions beyond the requirements of the present case. We hold the assignment invalid so far as the property in controversy is concerned. Keith held the property at the commencement of this action for Senner, and not for Senner's creditors. No legal assignment had been made. Senner was in no position to dispute the validity of the plaintiff's mortgages. His creditors, with the ex-

ception of the plaintiff below, are not parties to this action, nor does Keith represent them as a trustee. It is not necessary, therefore, to enter into a discussion concerning the validity of the mortgages. We think the conclusion of the trial court, that the plaintiff was entitled to the possession of the property at. the commencement of this action, was proper under the findings of fact. In *Gagnon v. Brown*, 47 Kan. 83, it is said :

"It is immaterial whether the mortgagee took possession *in invitum*, or the mortgagor voluntarily put him in possession, if the act be done in pursuance of a condition contained in the mortgage. . . . If a mortgagee takes possession of mortgaged property before any other right or lien attaches, his title under the mortgage is good against everybody, if it was previously valid between the parties." Citing Jones, Ch. Mortg., § 178 ; *Dayton v. Savings Bank*, 23 Kan. 422 ; *Cameron v. Marvin*, 26 id. 612 ; *Corbin v. Kinkead*, 33 id. 649 ; *Dolan v. Van De Mark*, 33 id. 304.

In *Lead Pencil Co. v. Champion*, 57 Kan. 352, the court, by MARTIN, C. J., said :

"The withholding of a chattel mortgage from record may cast suspicion upon the good faith of the indebtedness which it is given to secure, but good faith being admitted or shown, the only effect of a failure to file it for record is to render it void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, until it is filed for record or actual possession taken under it."

The judgment of the district court is affirmed.