### IN RE ALFRED L. MALICORD.

(Filed 9 June, 1937.)

**1. Criminal Law § 8—**

Under the New York law, a charge of second degree arson includes counseling, commanding, inducing, or procuring another to commit the crime.

**2. Extradition § 2—Accessory before the fact may be fugitive from justice although crime was actually committed after he left the State.**

Where the charge of crime by the demanding state includes counseling, commanding, inducing, or procuring another to commit the crime, the person charged is a fugitive from justice even though he was not in the demanding state at the time the crime was actually committed, if he committed overt acts while within the state resulting in the commission of the crime by another after he had absented himself therefrom.

**3. Extradition § 4—**

On *habeas corpus* in extradition proceedings, the papers of the demanding state are sufficient if they substantially charge petitioner with a crime under its laws.

APPLICATION by Alfred L. Malicord for *certiorari* to review judgment of *Barnhill, J.*, rendered 16 March, 1937, in the Superior Court of ALAMANCE, on return to writ of *habeas corpus* dismissing said writ.

It appears from the record that the petitioner is charged with the crime of arson—second degree—in the State of New York, and that extradition was ordered by the Governor of this State on 15 March, 1937.

It is found as a fact that the petitioner was a resident of the State of New York "up until 29 December, 1936," when he departed therefrom, and has since not returned. It is alleged that while in said state the petitioner counseled, commanded, induced, or procured one Jacob Lebowitz to burn a boat, owned by the petitioner and insured against loss by fire; that the actual burning took place on 7 January, 1937, and that thereafter the petitioner paid the said Jacob Lebowitz for burning the insured property as previously promised.

Upon the showing made at the hearing, it was further found and held that "the defendant was in the State of New York at the time of his alleged participation in the crime charged in the warrant, and that since his alleged participation in said crime, he has departed the State of New York, and is now a fugitive therefrom." Whereupon, the writ of *habeas corpus* was dismissed.

*Cooper A. Hall and Fred M. Beckwith for the State of New York.*
*Brooks, McLendon & Holderness for petitioner.*

STACY, C. J.   If the petitioner were charged *eo nomine* with solicitation to burn the boat in question, a substantive common law offense, *S. v. Hampton,* 210 N. C., 283, 186 S. E., 251, or with counseling, commanding, inducing, or procuring another to burn it, styled under our law "accessory before the fact," C. S., 4175, there would perhaps be no debate as to the correctness of the court's ruling in dismissing the writ. *S. C. v. Bailey,* 289 U. S., 412; *In re Veasey,* 196 N. C., 662, 146 S. E., 599.   But it is contended by the petitioner that he is charged with being a principal in the felony of 7 January, 1937, and that he has not been in the State of New York since 29 December, 1936, *ergo* he cannot be a fugitive from the crime charged.   *Hyatt v. Corkran,* 188 U. S., 691; *Ex parte Shoemaker,* 25 Cal. App., 551, 144 Pac., 985.

The matter, then, comes to a narrow point: Does the charge of second degree arson, under the New York law, include that of counseling, commanding, inducing, or procuring another to commit the crime? The New York law answers the question in the affirmative. *People v. Peckens,* 153 N. Y., 576.

The section of the Penal Code, under which the petitioner is charged, provides that "a person who willfully burns  . . .  a vessel  . . .  which is at the time insured against loss or damage by fire, with intent to prejudice or defraud the insurer thereof, is guilty of arson in the second degree."   The same code also provides that "a person who directly or indirectly counsels, commands, induces, or procures another to commit a crime is a 'principal.' "

In the case of *People v. McKane,* 143 N. Y., 455, the defendant and three inspectors of election were indicted jointly for a violation of the election laws.   The evidence against the defendant was, that he had induced and procured the inspectors to commit the offense charged against them by command, counsel, or advice.   Upon this evidence, and under the joint indictment, the defendant was convicted, which conviction was sustained, the Court saying: "He who by command, counsel, or assistance procures another to commit a crime is, in morals and in law, as culpable as the actual visible actor himself, for the reason that the criminal act, whatever it may be, is imputable to the person who conceived it and set the forces in motion for its actual accomplishment. The fact that he may, for some reason, be incapable of committing the same offense himself is not material so long as it can be traced to him as the moving cause by instigating another to do what he could not do himself.   This was the rule of the common law and it has been applied to offenses like this under special statutes," citing many authorities in support of the position.

In other words, to state it compendiously, under the New York law, an "accessory before the fact" is a principal and may be tried and con-

victed as such. See *S. v. Bryson,* 173 N. C., 803, 92 S. E., 698, where similar procedure was approved in this jurisdiction.

It follows, therefore, that the petition for writ of *habeas corpus* was properly dismissed. We may add that the court's ruling finds full support among the authorities, especially in *Strassheim v. Daily,* 221 U. S., 280; *In re Cook,* 49 Fed., 833, affirmed *sub nomine, Cook v. Hart,* 146 U. S., 183; *Ex parte Hoffstot,* 180 Fed., 240; and *In re Sultan,* 115 N. C., 57, 20 S. E., 375.

In the *Strassheim case, supra,* where a much stronger showing against extradition was made out than in the instant proceeding, and in which the warrant of extradition was upheld, *Mr. Justice Holmes,* in delivering the opinion of the Court, uses this language: "Of course we must admit that it does not follow that Daily is a fugitive from justice. *Hyatt v. Corkran,* 188 U. S., 691, 712. On the other hand, however, we think it plain that the criminal need not do within the state every act necessary to complete the crime. If he does there an overt act which is and is intended to be a material step toward accomplishing the crime, and then absents himself from the state and does the rest elsewhere, he becomes a fugitive from justice, when the crime is complete, if not before. *In re Cook,* 49 Fed. Rep., 833, 843, 844; *Ex parte Hoffstot,* 180 Fed. Rep., 240, 243; *In re William Sultan,* 115 N. C., 57. For all that is necessary to convert a criminal under the laws of a state into a fugitive from justice is that he should have left the state after having incurred guilt there, *Roberts v. Reilly,* 116 U. S., 80, and his overt act becomes retrospectively guilty when the contemplated result ensues. . . . We have given more attention to the question of time than it is entitled to, because of the seeming exactness of the evidence. But a shorter and sufficient answer is to repeat that the case is not to be tried on *habeas corpus,* and that when, as here, it appears that the prisoner was in the state in the neighborhood of the time alleged it is enough."

Much of the petitioner's brief is devoted to the sufficiency of the papers to warrant his extradition, but this is an afterthought. The point was not raised in his petition for writ of *habeas corpus,* nor yet in his application for *certiorari.* It is clear that, under the New York law, the petitioner is "substantially charged with a crime," and on *habeas corpus* in extradition proceedings this is enough. *Pierce v. Creecy,* 210 U. S., 387; *Strassheim v. Daily, supra.* No fatal defect appears on the face of the record. *U. S. v. Pridgeon,* 153 U. S., 48. Compare *In re Hubbard,* 201 N. C., 472.

Affirmed.