IN RE THE MATTER OF THE IMPRISONMENT OF RONALD
ARMSTRONG

No. 808SC290

(Filed 7 October 1980)

Extradition § 1-- demand for extradition – information supported by affidavits –
when affidavits executed

The provision of G.S. 15A-723 requiring a demand for extradition to be accompanied by "information supported by affidavit in the state having jurisdiction of the crime" does not require that the "supporting" affidavits be dated prior to or contemporaneous with the information, and in this case the trial information, the bench warrant, and the fugitive warrant, coupled

with affidavits dated subsequent to the information, gave adequate assurance that the person sought was "substantially charged" with a crime in the demanding state as required by G.S. 15A-723.

ON certiorari to review the order of *Rouse, Judge* entered on 3 December 1979 in Superior Court, WAYNE County. Heard in the Court of Appeals on 9 September 1980.

On 29 January 1980, this Court issued its writ of certiorari to review an order of Judge Rouse entered in a habeas corpus proceeding requiring the release of the applicant, Ronald Armstrong, who was being held on a Governor's Warrant pursuant to a demand for extradition by the State of Iowa.

The following facts are not controverted. On 3 October 1979, the Scott County, Iowa, District Court filed a trial information charging applicant and another person with breaking and entering an occupied structure in violation of Iowa law. The trial information was supported by the statements of Gail A. Ramer, Todd Hendricks, Clark Feller, and Pamela Joe Wiese and a bench warrant for the arrest of applicant was included therein. On 22 October 1979, based on information received by Iowa authorities, the deputy clerk for Wayne County Superior Court issued a warrant for the arrest of applicant as a fugitive charged with crime in another state. Applicant was incarcerated in the Wayne County jail the same day.

An application for requisition was made by Iowa authorities to the Governor of the State of Iowa on 25 October 1979; the application was accompanied by the trial information and affidavits of Ramer and Hendricks dated 25 October 1979. A demand for extradition, alleging that the applicant was in Iowa at the time the crime was committed, and that the applicant had fled that state thereafter, was made to the Governor of this State on 5 November 1979. The demand was accompanied by the application for requisition, the trial information, and the affidavits. A Governor's Warrant pursuant to the demand was issued 13 November 1979.

Applicant applied for a writ of habeas corpus on 19 November 1979. The application was heard by Judge Rouse, who issued an order on 3 December 1979 which provided in pertinent part as follows:

In re Armstrong

[T]he Court makes the following findings:

. . .

4. That the affidavits of Gail A. Ramer and Todd Hendricks which are attached to the Application for Requisition from the State of Iowa are dated October 25, 1979 and do not pre-date and are not simultaneous in date with the Criminal Information in the State of Iowa in this case.

5. That the statement of Gail A. Ramer attached to the Iowa Information does not constitute an affidavit.

Based on the foregoing findings of fact, the Court concludes:

1. That the Information filed in the State of Iowa in this cause was not supported by an affidavit as required by GS 15A-723.

2. That the affidavits of Gail A. Ramer and Todd Hendricks post-date the criminal information filed in the State of Iowa and therefore do not support the Criminal Information issued by the State of Iowa.

. . .

The defendant Ronald Armstrong is herewith ordered discharged immediately from the custody of the Sheriff of Wayne County, North Carolina.

The State then petitioned this Court for a writ of certiorari.

*Attorney General Edmisten, by Associate Attorney Barry S. McNeill, for the State.*

*J. Thomas Brown, Jr., for defendant appellee.*

HEDRICK, Judge.

G.S. § 15A-723 provides in pertinent part as follows:

No demand for the extradition of a person charged with crime in another State shall be recognized by the Governor unless in writing alleging . . . that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the State, and accompanied by . . . information supported by affidavit

In re Armstrong

in the state having jurisdiction of the crime, ... [The] information ... must substantially charge the person demanded with having committed a crime under the law of that state; ...

The sole question presented by this appeal is whether the words "information supported by affidavit," as used in G.S. § 15A-723, require that the "supporting" affidavits be dated prior to or contemporaneous with the information. Judge Rouse held that since the affidavits were executed subsequent to the date of the information, the statute was not properly followed, and thus applicant was being illegally held. We disagree. In an extradition proceeding, once extradition has been granted by the asylum state, and the prisoner has sought to prevent extradition by way of habeas corpus, the reviewing court's inquiry is limited to the following questions: (1) whether the extradition documents on their face are in order; (2) whether the prisoner has been charged with a crime in the demanding state; (3) whether the prisoner is the person named in the request for extradition; and (4) whether the prisoner is a fugitive from the demanding state. *Michigan v. Doran,* 439 U.S. 282, 58 L.Ed.2d 521, 99 S.Ct. 530 (1978); *State v. Carter,* 42 N.C. App. 325, 256 S.E. 2d 535, *appeal denied,* 298 N.C. 301, 259 S.E. 2d 302 (1979). *See also In re Malicord,* 211 N.C. 684, 191 S.E. 730 (1937). The obvious purpose of the statute cited above is to assure that the prisoner is indeed charged with a crime in the demanding state. *See Ewing v. Waldrop,* 397 F. Supp. 509 (W.D.N.C. 1975). The trial information, the bench warrant, and the fugitive warrant, coupled with the affidavits, even though dated subsequent to the information, give adequate and overwhelming assurance that applicant here was "substantially charged" with a crime in Iowa as required by G.S. § 15A-723. Thus, the clear purpose of G.S. § 15A-723 is met here, and to allow applicant to prevail based on a meaningless and inflexible construction of the statute would violate that clear purpose.

In the present case, we think that what was done constitutes sufficient compliance with G.S. § 15A-723, and that the court below erred in giving the applicant his release.

Reversed and remanded for further proceedings.

Judges HILL and WHICHARD concur.