(643 P.2d 1147)
No. 53,084

In the Matter of the Application of LOUIS O'RIORDAN for Writ of Habeas Corpus

Petition for review denied June 28, 1982.

Opinion filed April 29, 1982.

*Robert L. Taylor,* of Law Office of Robert L. Taylor, of Hutchinson, for the appellant.

*Joseph L. McCarville, III,* county attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before FOTH, C.J., REES and PARKS, JJ.

PARKS, J.: This is a habeas corpus proceeding in which the petitioner Louis O'Riordan challenges the lawfulness of his restraint under a governor's extradition warrant.

On December 18, 1980, a governor's warrant was issued for the arrest of O'Riordan, who was arrested and released on his own recognizance on December 24, 1980. O'Riordan filed a petition for writ of habeas corpus on January 2, 1981, alleging that he was unlawfully deprived of his liberty by James H. Fountain, sheriff of Reno County, Kansas.

At the hearing on January 6, 1981, Judge Porter K. Brown found that the extradition documents on their face were not in order because there was no notation that the magistrate issuing the warrant for the arrest of the petitioner made a finding of probable cause. The court recessed the hearing to February 6, 1981, to allow the State of Arkansas time to show that the warrant was issued upon the proper finding. On February 6, Judge Brown, after examining an order of the Circuit Court of Polk County, Arkansas dated January 13, found he still could not determine the question left open on January 6 and recessed the hearing until March 6, at which time he considered an order nunc pro tunc filed by the circuit judge of Polk County. He then found that all requirements for extradition of the petitioner were satisfied. Accordingly, Judge Brown dissolved the writ of habeas corpus and dismissed the action with costs assessed to the petitioner O'Riordan. This appeal followed.

Petitioner contends that because the extradition procedure entails a restraint of liberty, the Fourth and Fifth Amendment rights are invoked and probable cause must be found before extradition may be permitted.

Concerning the issue of probable cause, we are reminded that an asylum state in an extradition proceeding may not conduct its own investigation into the sufficiency of the facts supporting a finding of probable cause but must accept the conclusion of the demanding state if the documents reveal that a probable cause determination was made. *Michigan v. Doran,* 439 U.S. 282, 289, 58 L.Ed.2d 521, 99 S.Ct. 530 (1978). *Doran* also determined that the scope of review of an extradition request in a habeas corpus proceeding is limited to determining (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive. *Doran,* 439 U.S. at 289; *Gladney v. Sheriff of Leavenworth County,* 3 Kan. App. 2d 568, 570, 598 P.2d 559 (1979).

The original extradition documents included an arrest warrant and information couched entirely in the language of the statute. The certificates did not state that the judge who issued the bench warrant heard evidence prior to its issuance and at that time found that probable cause existed. However, the nunc pro tunc order considered at the March 6 hearing reflects proceedings by the Arkansas court on January 13, 1981, and a contemporaneous finding of probable cause based on examination of the victim and the charging documents. The order also states that this probable cause had existed since February 14, 1980, and ordered the court files amended to reflect that probable cause did exist at the time the information was filed.

In *Zambito v. Blair,* 610 F.2d 1192, 1196 (4th Cir. 1979), the court concluded as follows:

"[6] In such circumstances, we conclude that the fourth amendment, as applied to the states by the fourteenth amendment, requires only that, prior to an extradition, there in fact have been a finding of probable cause by a neutral judicial officer, not that the demanding papers, additionally, must say so. Where such a finding has actually been made in the demanding state before extradition, and where the person executing the governor's warrant has no substantial basis for doubting that it has been made, execution of that warrant is not constitutionally

invalid merely because the documents which were presented to the governor of the asylum state did not, at the time of their presentation, specify that the finding had been made."

In view of the holding in *Zambito,* we conclude that when, as here, the demanding papers presented do not specify that a finding of probable cause had been made prior to issuance of the warrant but such a finding is made prior to extradition, the requirements for extradition are met.

Petitioner also complains that the documents should have revealed sufficient facts to notify him of the crime charged. He relies in part on *Wilbanks v. State,* 224 Kan. 66, 579 P.2d 132 (1978), and *In re Simpson,* 2 Kan. App. 2d 713, 586 P.2d 1389 (1978), which preceded the holding of *Doran* and its restrictions on the review of extradition requests. Because of the limited review permitted by *Doran,* it makes little difference whether the defendant is notified of the facts behind the warrant if he is the subject of a proper extradition and probable cause has been found in the demanding state. Since the asylum state cannot inquire into the facts behind the warrant, defendant's remedy would be to request a bill of particulars once extradited.

Finally, petitioner complains that when the district court found the extradition documents insufficient, it should have ordered his release rather than continuing the proceedings for a total of sixty days. In *Wilbanks* the court held that a demanding state should be given a reasonable time of thirty days to provide the necessary showing needed to rehabilitate defective extradition papers. *Wilbanks,* 224 Kan. at 81. A thirty-day continuance was also approved in *Zambito,* 610 F.2d at 1196. Here, the court initially continued the proceedings for thirty days to permit Arkansas time to establish the necessary probable cause showing but then granted another thirty-day extension when the documents supplied by Arkansas were still found insufficient. The specific insufficiency was that it was not stated that probable cause existed when the warrant was issued; however, a magistrate had examined the complainant and found that there was probable cause sufficient to support issuance of a bench warrant. Although the court may not have been willing to proceed with the extradition, we conclude that under these facts the petitioner's restraint after the first thirty days and until receipt of the nunc pro tunc order was based upon a probable cause finding and was not unreasonable.

Affirmed.