MARK CHRISTOPHER CREW *v.* STATE OF CONNECTICUT

SUPERIOR COURT      JUDICIAL DISTRICT OF      FILE NO. 297861
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed November 8, 1984

*Chatigny & Palmer,* for the plaintiff.

No appearance for the defendant.

SATTER, J. The plaintiff brings this habeas corpus proceeding challenging his confinement in the Hartford Community Correction Center. The plaintiff was arrested on the order of Connecticut Governor William A. O'Neill, who acted pursuant to an extradition requisition of California Governor George Deukmeiain.

The papers supporting the requisition include: application for requisition to the California governor, signed by a deputy district attorney; complaint, executed

under penalty of perjury, by a police sergeant on June 22, 1984; arrest warrant signed by a judge of the California Municipal Court on June 25, 1984; and affidavit sworn to by the same police sergeant on June 26, 1984, the day after the arrest warrant was signed.

The Connecticut statute establishing the requirements for recognizing extradition demands is § 54-159 of the General Statutes. It provides in part: "The indictment, information or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state."

The Connecticut Supreme Court, in *Wentworth* v. *Bourbeau,* 188 Conn. 364, 449 A.2d 1015 (1982), emphasized that "[t]o charge 'substantially,' as provided by General Statutes § 54-159, requires that the charge be based upon probable cause." Id., 368. The court went on to say: "The existence of probable cause in the demanding state is a condition precedent to substantially charging the accused." Id., 370.

The authoritative case on extradition is *Michigan* v. *Doran,* 439 U.S. 282, 99 S. Ct. 530, 58 L. Ed. 2d 521 (1978). In that case an Arizona justice of the peace issued a warrant "after concluding that there was 'reasonable cause to believe that such offense(s) were committed and that the accused committed them.' " Id., 289. The accused was arrested in Michigan, and Arizona sought extradition. The Michigan Supreme Court, finding the Arizona judge's conclusion to be deficient because not based on adequately recited facts, granted the accused's application for a writ of habeas corpus. The United States Supreme Court reversed. It held: "Under Art. IV, § 2 [dealing with extradition in federal constitution], the courts of the asylum state are bound to accept the demanding state's judicial determination since the proceedings of the demanding state

are clothed with the traditional presumption of regularity. In short, when a neutral judicial officer of the demanding state has determined that probable cause exists, the courts of the asylum state are without power to review the determination." *Michigan* v. *Doran,* supra, 290.

In the case before this court the arrest warrant, signed by the California judge, made no finding of probable cause that the plaintiff here committed the offenses listed in the warrant. California Penal Code § 813 (Deering 1983) provides, however, that when a complaint is filed with a magistrate, charging a public offense, "if such magistrate is satisfied from the complaint that the offense complained of has been committed and that there is reasonable ground to believe that the defendant has committed it, he must issue a warrant for the arrest of the defendant."

The issue before this court is whether § 54-159 is satisfied when a judge in the demanding state has not expressly found probable cause that the accused committed the crimes, but he issued a warrant for the arrest of the accused under a statute which requires that the judge be satisfied on that score before issuing the warrant.

A number of state courts have held that a finding of probable cause is "implicit" in a judge's issuing a warrant pursuant to a probable cause statutory requirement. *People ex rel. Coster* v. *Andrews,* 104 Misc. 2d 506, 511, 428 N.Y.S.2d 594 (1980). Most pertinent is *Dietz* v. *Leach,* 199 Colo. 293, 607 P.2d 993 (1980), where the Colorado Supreme Court held that a proper judicial determination of probable cause had been made when a California judge issued a warrant under the same section of the California penal code involved here. See also *State* v. *Stone,* 111 Wis. 2d 470, 477–78, 331 N.W.2d 83 (1983).

Other courts, however, have held that a judicial finding of probable cause is necessary to support arrest and rendition of an extradition request. *Zambito* v. *Blair,* 610 F.2d 1192, 1195–96 (4th Cir. 1979); *In re O'Riordan,* 7 Kan. App. 460, 643 P.2d 1147 (1982).

This court agrees with the conclusions of these latter cases. While *Michigan* v. *Doran* pointed out that the purpose of the extradition clause of the United States constitution is to secure the prompt rendition of interstate fugitives with a minimum of friction between the states, it still based the "presumption of regularity" upon "the demanding state's judicial determination" of probable cause. Justice Blackmun, in his concurring opinion, makes it explicit that "[i]t is enough if the papers submitted by the demanding State in support of its request for extradition *facially* show that a neutral magistrate had made a finding of probable cause." *Michigan* v. *Doran,* supra, 297 (Blackmun, J., concurring).

When the liberty of a person is being infringed upon when he is forcibly removed from one state to another, a judicial finding of probable cause is demanded. Inferences from the issuance of a warrant, under a statute requiring that a judge be satisfied as to probable cause, are not sufficient. A judge should explicitly make the finding, not only to assure that he has focused on that requirement, but also so that the asylum state will know that the finding has been affirmatively made.

On the basis of the foregoing, this court will stay issuance of a writ of habeas corpus for thirty days to allow California to present to this court a judicial finding that the plaintiff committed the offenses stated in the warrant. If within thirty days from date hereof such a judicial finding is presented, this court will deny the writ; otherwise it will be issued.