726 P.2d 1096
Stoney Gene GOLDEN,
Petitioner/Appellant,

v.

Clarence W. DUPNIK, Sheriff of Pima County, Arizona, Respondent/Appellee,

and

The STATE of Arizona, Real Party in Interest.

No. 2 CA–CIV 5544.

Court of Appeals of Arizona, Division 2, Department A.

May 22, 1986.

Reconsideration Denied July 1, 1986.

Review Denied Oct. 7, 1986.

Kathleen A. McCarthy, Tucson, for petitioner/appellant.

Stephen D. Neely, Pima Co. Atty. by Paul Tang, Tucson, for real party in interest.

## OPINION

HATHAWAY, Chief Judge.

Appellant contests the trial court's denial of his writ of habeas corpus. On May 21, 1982, Candie Golden, then-wife of appellant Stoney Golden, filed for divorce and sought custody of their minor child in Tennessee. The parties were divorced on August 20, 1982. Appellant claims the Tennessee court did not have jurisdiction under its own laws to grant the divorce.

Alleging that the child had been abused, appellant left Tennessee with the child in January 1983, in violation of the custody order. He arrived in Arizona approximately 1½ years ago, where he has remained since that time. On January 5, 1983, relying solely upon the affidavit of appellant's ex-wife, Judge Floyd Don Davis issued a warrant for appellant's arrest for kidnapping. In May 1983, appellant was indicted by a Tennessee grand jury on the same kidnapping charge. On May 4, 1985, appellant was discovered in Arizona by his ex-wife and the child was placed in child protective service custody here. On May 7, 1985, appellant obtained a temporary restraining order allowing the child to remain in Arizona. In violation of that order, Candie Golden fled the state with the child. In domestic proceedings below, appellant was denied custody on jurisdictional grounds. That ruling is currently pending in another appeal.

On May 4, 1985, appellant was arrested by Arizona authorities and on June 28, 1985, the Governor of Tennessee sought extradition of appellant on the kidnapping charges. The Governor of Arizona issued an extradition warrant and appellant was jailed on August 9, 1985, pending extradition to Tennessee. On August 30, 1985, a hearing was held on appellant's petition for a writ of habeas corpus. The trial court denied the writ. A stay of execution of the warrant was obtained on September 3, 1985, pending this appeal.

Appellant raises five issues on appeal: (1) the arrest warrant is jurisdictionally fatally defective and was issued by a judge who has a personal interest in the outcome of the proceedings thereby violating appellant's fundamental federal constitutional rights on extradition; (2) the arrest warrant was jurisdictionally fatally defective in that it is being prosecuted by a county attorney who has a direct and personal interest in the outcome thereby violating appellant's fundamental constitutional rights; (3) the arrest warrant was jurisdictionally fatally defective in that the supporting divorce decree and custody order upon which the crime was alleged are void; (4) the arrest warrant does not substantively charge a crime under Tennessee law; (5) this court should consider the web of other improprieties surrounding the issuance of the warrant.

## I. THE ARREST WARRANT

The Extradition Clause of the United States Constitution provides:

"A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the crime." Art. IV, § 2

To implement the above provision of the constitution, the Congress has enacted 18 U.S.C. § 3181, et seq. and many states, including Arizona and Tennessee, have adopted the Uniform Criminal Extradition Act. See A.R.S. § 13–3841, et seq and TCA §§ 40–9–101 through 40–9–130. Pursuant to the Act, the governor of the demanding state (in this case Tennessee) demands extradition from the governor of the asylum state (in this case Arizona). A.R.S. § 13–3843. The demand must be in writing and accompanied by the indictment or information or by an affidavit made before a magistrate. The governor of the asylum state may investigate the charges and if he decides the demand should be complied with he issues a warrant. A.R.S. §§ 13–3846 and 13–3847.

▪ The Supreme Court has held that once the governor of a state grants extradition, such grant becomes prima facie evidence that the constitutional and statutory requirements for extradition have been met and this court has but a limited review. We can do no more than decide whether (a) the extradition documents on their face are in order; (b) the petitioner has been charged with a crime in the demanding state; (c) the petitioner is the person named in the request for extradition, and (d) the petitioner is a fugitive. *Michigan v. Doran*, 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978). There is no doubt that the above criteria have been met in the present case.

▪ Appellant argues, however, that the issue whether a neutral magistrate signed the original arrest order is also open for review. The *Doran* case substantiates this view. In *Michigan v. Doran*, supra, the court stated:

"In short, when a neutral judicial officer of the demanding state has determined that probable cause exists, the courts of the asylum state are without power to review the determination." 439 U.S. at 289, 99 S.Ct. at 536.

That statement in *Doran* has been interpreted to allow the reviewing state courts to determine whether there has been a finding of probable cause by a neutral judicial officer. The inquiry may be made in addition to the four criteria listed above. *Zambito v. Blair*, 610 F.2d 1192 (4th Cir. 1979); *United States v. Pennsylvania State Police*, 548 F.Supp. 9 (E.D.Pa.1982). See also, *Crew v. State of Connecticut*, 40 Conn.Supp. 179, 486 A.2d 664 (1984); *Application of O'Riordan*, 7 Kan.App.2d 460, 643 P.2d 1147 (1982).

▪ In this case, appellant has proved conclusively that the original arrest warrant was not signed by a neutral magistrate. He has presented evidence that the same magistrate who signed the arrest order also represented appellant's ex-wife in 1981 and 1982 in two divorce actions against appellant. Those circumstances clearly violate the neutral judicial officer requirement. See *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

▪ Unfortunately for appellant, the arrest warrant, though void in this case, was also superfluous. Both A.R.S. § 13–3843(B) and 18 U.S.C. § 3182, require only that an indictment or affidavit made before a magistrate accompany the demand for extradition. In this case, appellant was indicted before a grand jury a number of months following the issuance of the arrest warrant. Since all that was needed was the indictment, the arrest warrant is irrelevant. See *Bruzaud v. Matthews*, 93 App. D.C. 47, 207 F.2d 25 (1953). We are not permitted to examine whether the grand jury had sufficient probable cause to issue the indictment. See *Michigan v. Doran*, supra. Therefore, the extradition papers were in order.

**230**

## II. PROSECUTORIAL BIAS

 Appellant alleges that the prosecutor in Tennessee is biased and has an interest in this case. It has been specifically held that on issuance of a governor's warrant for extradition, the motives of a prosecutor cannot be considered. *McDonald v. Burrows,* 731 F.2d 294 (5th Cir.1984); see also, *Michigan v. Doran,* supra, and *Pacileo v. Walker,* 449 U.S. 86, 101 S.Ct. 308, 66 L.Ed.2d 304, *reh. den.* 450 U.S. 960, 101 S.Ct. 1421, 67 L.Ed.2d 385 (1980).

## III. JURISDICTIONALLY FATAL INDICTMENT

 Appellant argues that the divorce and custody decree entered in Tennessee was void and therefore he could not have kidnapped his son in violation of the void decree. His argument is premised on the fact that his wife did not meet the six-month residency requirement of Tennessee law for divorce. See TCA § 36–4–104. This is not the proper forum in which to bring that argument. The proper forum is the State of Tennessee. We are not permitted in this review to consider the guilt or innocence of appellant. Nor may we consider a collateral attack on the decree. See *Michigan v. Doran,* supra.

## IV. WARRANT CHARGING WRONG CRIME

Appellant argues that his arrest warrant charged a violation of TCA § 39–2602, a statute that was not in existence at the time of his indictment. Appellant does not argue that no such kidnapping law exists in Tennessee. The indictment and arrest warrant both put appellant on notice of the charges against him.

## V. OTHER IMPROPRIETIES

Appellant argues that this court should consider other improprieties that have occurred in the State of Tennessee. There is case law to the effect that this court upon issuance of a governor's warrant for extradition may inquire into malice of the prosecutor and charging parties. See Annot. 94 A.L.R. 1493 (1935). In light of the more recent *Doran* case, however, the review of this court is strictly limited and a review of such motives is inappropriate. See *Ex parte McDonald,* 631 S.W.2d 222 (Tex.Civ.App.1982).

Affirmed.

HOWARD, P.J., and FERNANDEZ, J., concur.