[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S PETITION FOR HABEAS CORPUS
The plaintiff John Cosby is a resident of Connecticut who CT Page 2856 is the subject of a governor's warrant signed in accordance with Connecticut General Statutes 54-163, authorizing the petitioner to be transferred to the State of New York, pursuant to an extradition request from Honorable Mario Cuomo, Governor of the State of New York. The defendants Chamberlain and Bourbeau are Connecticut State Police Officers who now hold him in custody after he was arrested pursuant to the warrant. They have lodged him temporarily in the correctional center at Bridgeport. The petitioner is seeking a writ of habeas corpus to be issued ordering that he be brought before the court and released from custody.
He challenges the legality of his confinement in accordance with Connecticut General Statutes 54-166. He claims that the respondents have not met the requirements for recognition of an extradition demand as established in Connecticut General Statutes 54-159 which provides in part: "No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging that . . . the accused was present in the demanding state at the time of the commission of the alleged crime and that he thereafter fled from the state . . . The indictment, information or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state. . ." (emphasis added). The petitioner claims illegality on the basis that: (a) the extradition and documents on their face are not in order; (b) that the petitioner has not been charged with a crime in the demanding state; and (C) that the petitioner is not a fugitive.
The petitioner concedes that the issuance of the valid governor's warrant constitutes prima facie evidence that the person named therein is a fugitive, and introduction of the warrant into evidence shifts the burden of showing the contrary to the petitioner contesting the legality of his arrest.
Thus, the petitioner acknowledges an obligation to prove beyond a reasonable doubt that he was not in the demanding state when the alleged offense was committed and, consequently, could not be a fugitive from its justice. To that end, the petitioner offered evidence in the course of the hearing from numerous witnesses and declares that he has shown beyond reasonable doubt that he was not in Bronx, New York at the time the crimes were committed for which New York seeks to extradite him. The petitioner's remaining claims rest on allegations of legal insufficiency of the pertinent extradition documents. The petitioner claims that 54-159 of the Connecticut General Statutes mandates that such documents "substantially charge" the petitioner with a crime. He also asserts that the papers are deficient because the person in New York who signed the warrant CT Page 2857 did not clearly state on the face of the papers that he was in fact a judge and because no specific explicit finding is set out in the documents indicating that the New York magistrate expressly found probable cause. The petitioner also contended in oral argument that the warrant signed by Governor O'Neill to be legal must reflect the fact that he found probable cause that the petitioner committed the crime and should be extradited to
An arrest warrant was issued in the State of New York charging the petitioner with murder in the second degree; criminal use of a firearm; and criminal possession of a weapon in the second degree. The papers indicate that the petitioner John Cosby is charged in Bronx County and that these crimes were all alleged to have occurred on April 25, 1990 at approximately 10:35 p. m. in front of 2907 Kingsbridge Terrace in Bronx, New York.
 I
The court will first turn to the issue as to whether or not the extradition papers must contain an explicit finding of probable cause and the lack thereof bars his extradition. The petitioner's contention is centered upon an opinion by Judge Satter in Crew v. State, 40 Conn. Sup. 179, 486 A.2d 664
(1984). The requisition papers forwarded by the Governor of New York do not contain an explicit finding of probable cause. The Connecticut Supreme Court has decided in the matter of Wentworth v. Bourbeau, 188 Conn. 364, 370, 449 A.2d 1015 (1982) that "the existence of probable cause in the demanding state is a condition precedent to substantially charging the accused." In Michigan v. Doran, 439 U.S. 282, 289, 99 S.Ct. 530,58 L.Ed.2d 521 (1978), the Arizona justice of the peace issued a warrant after concluding that there was reasonable cause to believe that a crime was committed and that the accused committed it. Neither the Wentworth nor the Doran case require that the warrant of arrest from the demanding state set out an explicit finding of probable cause nor does the law of the State of New York. Since the Constitution of the United States requires that no warrants be issued except based on probable cause it can be reasonably inferred that any warrant signed by a judge or magistrate was signed after such a finding even if the warrant does not expressly so say. Public officers acting in their official capacity are presumed to have acted legally and properly until the contrary appears. Bowman v. 1477 Central Avenue Apartment, Inc., 203 Conn. 246, 255, 524 A.2d 610 (1987); Brookfield v. Candlewood Shores Estates, Inc., 201 Conn. 1, 6,513 A.2d 1218 (1986); Parham v. Warden, 172 Conn. 126, 134,374 A.2d 137 (1976); Wright v. Bourbeau, 3 Conn. App. 512, 518,490 A.2d 522 (1985). In extradition matters principles of comity and full faith and credit in the United States Constitution CT Page 2858 demand that sister states honor a finding of a foreign state. Hill v. Blake, supra, 410.
 II
The petitioner also claims that it is not clear that a judge or magistrate signed the warrant. This is so because the handwriting of the particular person signing the warrant is not clear and also because under the signature line the words judge and clerk appear and clerk was not struck out. The court is satisfied from looking at the documents that the juxtaposition of the signature in relation to the word judge sufficiently indicates that a judge did in fact sign the warrant for the petitioner. Furthermore exhibit B 1(9) which is a part of the documentation submitted by Governor Cuomo of New York is a letter signed by Richard Sheridan, Assistant District Attorney in Bronx, New York, certifying that the signature on the bottom left hand corner of Bronx County Complaint Docket #90X022189 is the signature of Judge Cohen of Bronx County Criminal Court.
Furthermore in page 1 of Exhibit B 1 — Governor Cuomo
"Whereas, it appears by the annexed application for requisition and copies of affidavit (felony complaint) sworn to before a magistrate; warrant which I certify to be authentic and duly authenticated in accordance with the Laws of this State, that the accused,
JOHN COSBY
stands charged in this State with the crimes of murder in the second degree; criminal use of a firearm in the first degree; criminal possession of a weapon in the second degree, which I Certify to be crimes under the Laws of this State, and that the accused was present in the State at the time of the commission of the crimes and that the accused thereafter fled from the justice of this State and may now be found in the state of Connecticut."
The court finds therefore that petitioner's claim that a judge did not sign the New York warrant is unavailing.
 III
The court will now turn to the claim made that Governor O'Neill must expressly reflect in the warrant he signed the fact that he found probable cause that the petitioner committed the crimes charged and should be extradited to New York. There is a presumption that the governor has done his duty by reading the appropriate papers submitted to him in that the governor did his CT Page 2859 duty and acted properly. There is no requirement in law for such an express finding by the Governor of the State of Connecticut to which the petitioner can cite the court. Accordingly the court rejects this argument.
 IV
Finally, the petitioner contends that he has proved beyond a reasonable doubt that he was not in Bronx, New York when the crimes were allegedly committed.
The court finds this issue for the respondent. After listening to his witnesses and observing their demeanor, the court has reasonable doubt as to this proof.
The court finds that the extradition documents on their face are in order. The demanding state has charged the petitioner with a crime; the Mr. Cosby named in the request for extradition is the petitioner; the petitioner is a fugitive.
The petition for Habeas Corpus is denied.
FLYNN, JUDGE